SEYFARTH SHAW LLP
Kari Erickson Levine (SBN 146101) KLevine@seyfarth.com
Eden Anderson (SBN 233464) EAnderson@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendants
ARTHUR J. GALLAGHER & CO.,
JOSEPH INGE, and DANIEL J. McNAMARA

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY GAW, | Case No. |
| Plaintiff, | **DEFENDANTS' NOTICE OF REMOVAL** |
| v. | |
| ARTHUR J. GALLAGHER & CO.; JOSEPH INGE, an individual; DANIEL J. MCNAMARA, an individual; and DOES 1 through 20, inclusive, | |
| Defendants. | |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. Sections 1332, 1441(a), and 1446, Defendants ARTHUR J. GALLAGHER & CO. ("Gallagher"), JOSEPH INGE ("Inge"), and DANIEL J. MCNAMARA ("McNamara"), (collectively "Defendants"), hereby remove the above-entitled action from San Francisco Superior Court to the United States District Court for the Northern District of California.

/ / /

/ / /

**REMOVAL JURISDICTION**

1.      This Court has jurisdiction under 28 U.S.C. Section 1332 because this action involves citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.      On July 31, 2007, Plaintiff TAMMY GAW ("Plaintiff") filed a Complaint in San Francisco Superior Court against her former employer, and two former colleagues, entitled, *"Tammy Gaw v. Arthur J. Gallagher & Co.; Joseph Inge, an individual; Daniel J. McNamara, and individual; and Does 1 through 20, inclusive,"* Case No. 465649. The Complaint, as amended on August 22, 2007, alleges three causes of action: (1) retaliation (first cause of action); (2) wrongful termination in violation of public policy (second cause of action); and (3) intentional infliction of emotional distress (third cause of action). A true and correct copy of the First Amended Complaint ("FAC") is attached as Exhibit A. Plaintiff's retaliation claim is a whistle-blower claim premised upon Defendants' alleged violation of California Labor Code Section 1102.5. (FAC at ¶¶ 10-21.) The Complaint seeks to hold Gallagher liable on all three causes of action, and Inge and McNamara liable only for the first and third causes of action. (*See* FAC.)

3.      This Notice of Removal is filed within thirty (30) days of the date when Defendants were first able to ascertain that this case was removable on diversity grounds. It is filed within thirty days of service of the Complaint upon Defendants. Defendants are informed and believe that Gallagher was served by mail and acknowledgement, and received a copy of the Complaint on or about September 4, 2007, and that Inge and McNamara were served on September 6, 2007. Thus, removal is timely pursuant to 28 U.S.C. Section 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure. All process, pleadings, notices and orders purportedly served upon or by Defendants in this action are attached as Exhibit B. These documents constitute all "process, pleadings, and orders" served upon or mailed to Defendant in the state court action within the meaning of 28 U.S.C. Section 1446(a).

**DIVERSITY JURISDICTION**

4.      This Court has jurisdiction of this action based on diversity of citizenship.



1  Defendants are informed and believe and thereon allege that Plaintiff is now, and was at the time

2  of the commencement of this action, a citizen and resident of the State of California. (*See* Ex. B

3  (Complaint), ¶ 1.); *see also Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (holding that a

4  party's domicile for purposes of diversity jurisdiction is determined at the time the lawsuit is

5  filed); *Heinz v. Havelock*, 757 F. Supp. 1076, 1079 (C.D. Cal. 1991) (same).)

6      5.    Gallagher is now, and was at the time of the commencement of this action, a

7  corporation duly organized under the laws of the State of Delaware with its headquarters and

8  principal place of business located in the State of Illinois.  Pursuant to 28 U.S.C. Section

9  1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been

10  incorporated and of the State where it has its principal place of business."

11      6.    The citizenship of the fictitious defendants, Does 1 through 20, "shall be

12  disregarded" pursuant to 28 U.S.C. Section 1441(a). (*See also Fristoe v. Reynolds Metal Co.*,

13  615 F.2d 1209, 1213 (9th Cir. 1980).)

14      7.    The citizenship of Inge and McNamara may also be disregarded because Plaintiff

15  has no legitimate claims against them. (*See Ritchey v. Upjohn Drug*, 139 F.3d 1313 (9th Cir.

16  1998).)  Plaintiff's purported claims against Inge and McNamara fail as a matter of law, and they

17  have been named only as sham defendants in an attempt to defeat diversity jurisdiction.

18      As to Plaintiff's first cause of action for whistle-blower retaliation, the law is clear that

19  individual defendants may not be held liable.  California Labor Code Section 1102.5, upon

20  which Plaintiff's whistle-blower retaliation claim is based, provides:

21          An *employer* may not retaliate against an employee for disclosing
            information to a government or law enforcement agency, where the
22          employee has reasonable cause to believe that the information
            discloses a violation of state or federal statute, or a violation or
23          noncompliance with a state or federal rule or regulation.

24  (emphasis added.)  As the statute makes clear, individuals do not face personal liability. (*See*

25  *also Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1173 (E.D. Cal. 2005) (explaining that

26  Section 1102.5 "is a 'whistleblower' statute that establishes liability for employers who retaliate

27  against their employees for disclosing information to government or law enforcement agencies");

28  *Chappell v. City of Pittsburgh*, 2005 WL 756617, at *3 (N.D. Cal. 2005) (because "Section

3

1  1102.5 only create(s) liability for employers, individual defendants are not liable"); *see also*

2  *Reno v. Baird*, 18 Cal.4th 640, 663-664 (1998) (holding that California Government Code

3  Section 12940(a), which references only employer liability [akin to Labor Code Section 1102.5]

4  does not impose individual liability for discrimination).)

5      Plaintiff's third cause of action for intentional infliction of emotional distress also cannot

6  be maintained, as a matter of law, against Inge and McNamara because Plaintiff's exclusive

7  remedy for alleged emotional distress damages is California's workers' compensation system.

8  (*See* California Labor Code Section 3601 (the workers' compensation system shall be the "the

9  exclusive remedy for injury . . . of an employee against any other employee of the employer

10  acting within the scope of his or her employment"); *Phillips v. Gemini Moving Specialists*, 63

11  Cal. App. 4th 563, 577 (1998) (where individual defendant otherwise cannot be held liable for

12  other employment-related claims alleged, plaintiff's exclusive remedy for recovery for

13  intentional infliction of emotional distress was the workers' compensation system); *Jones v. RJ*

14  *Donovan Correctional Facility*, 152 Cal. App. 4th 1367, 1382 (2007) (claim for intentional

15  infliction of emotional distress against individual defendants fails to the extent it is not tethered

16  to viable claim for discrimination).)

17      Because the only claims Plaintiff has asserted against Inge and McNamara are not viable,

18  they are not proper parties and Plaintiff's naming of them as individual defendants constitutes a

19  sham joinder which this Court must disregard in determining the existence of diversity

20  jurisdiction.  As explained by the Court in *Upjohn Drug*:

21          It is commonplace that fraudulently joined defendants will not
           defeat removal on diversity grounds.... 'If the plaintiff fails to
22          state a cause of action against a resident defendant, and the failure
           is obvious according to the settled rules of the state, the joinder of
23          the resident defendant is fraudulent.'

24  (*Id.* at 1318 (quoting *McCabe v. General Foods*, 811 F.2d 1336 (9th Cir. 1987)).)

25      8.    The amount in controversy, exclusive of interest and costs, exceeds the sum of

26  $75,000.  Plaintiff seeks unspecified general and special damages arising from her employment-

27  related claims.  Plaintiff likely will seek compensation for back pay and for lost future earnings.

28  This fact is demonstrated by the allegation in the First Amended Complaint that Plaintiff "has

1   been specially damaged by loss of salary, commissions, bonuses, stock options and other

2   benefits, [and] counseling expenses . . . ."  (Ex. A at ¶¶ 19, 24.)  Plaintiff's employment as a

3   "Producer, Area Vice President" ended two years ago on August 1, 2005.  (Ex. A at ¶¶ 10, 15.)

4   Given Plaintiff's Vice President position (for which Plaintiff was paid an annual salary of

5   $165,000), two years of back pay would certainly exceed the $75,000 jurisdictional minimum.

6   In addition, Plaintiff seeks damages for "humiliate[ion], embarrass[ment], and  . . . great mental

7   and emotional distress" she has allegedly suffered.  (Ex. A at ¶¶ 20, 25, 29.)  Further, requests

8   for punitive damages, to which Plaintiff claims she is entitled, must also be taken into account in

9   determining the amount in controversy.  (Ex. A at ¶¶ 21, 26, 30.; *see Davenport v. Mutual*

10  *Benefit Health and Accident Assn.*, 325 F.2d 785, 787 (9th Cir. 1963).)  Plaintiff also seeks an

11  award of attorneys' fees and costs.  (Ex. A at ¶¶ 19, 14.)  Potential attorneys' fees must be

12  counted in determining whether the jurisdictional minimum is satisfied.  (*Galt G/S v. JSS*

13  *Scandinavia*, 142 F.3d 1150 (9th Cir. 1998).)  Thus, based on the allegations in Plaintiff's First

14  Amended Complaint, Defendants are informed and believe that Plaintiff seeks damages within

15  the jurisdictional authority of this Court.

16          9.      For these reasons, this civil action may be removed pursuant to 28 U.S.C. Section

17  1332, as it is in fact between citizens of different states and, based upon the allegations of

18  Plaintiff's Complaint, the amount in controversy exceeds $75,000, exclusive of interest and

19  costs.

20          10.     All named Defendants have joined in this Notice and Petition for Removal.

21                                          **VENUE**

22          11.     Venue lies in the United States District Court, Northern District of California

23  pursuant to 28 U.S.C. Sections 1441(a) and 1391(b), because the original state court action was

24  filed in this district and this is the judicial district in which the action arose.

25              **NOTICE TO STATE COURT AND TO PLAINTIFF**

26          12.     Written notice of the filing of this Notice of Removal will promptly be given to

27  Plaintiff and, together with a copy of the Notice of Removal and supporting papers, will

28

1  promptly be filed with the Clerk of the Court for San Francisco Superior Court, as required by 28

2  U.S.C. Section 1446(d).

3      WHEREFORE, Defendants respectfully request that this civil action be removed from

4  the San Francisco Superior Court to the United States District Court for the Northern District of

5  California.

6  DATED: October 3, 2007                    SEYFARTH SHAW LLP

7

8                                            By _____

9                                               Kari Erickson Levine
                                                Eden Anderson
10                                              Attorneys for Defendants
                                                ARTHUR J. GALLAGHER & CO.,
11                                              JOSEPH INGE, AND DANIEL J.
                                                MCNAMARA
12  SF1 28302529.1 / 37808-000059

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

1

**BOHN & BOHN LLP**
2    ROBERT H. BOHN, ESQ. - State Bar #36283
152 North Third Street, Suite 200
3        San Jose, California 95112
Telephone:  (408) 279-4222
4       Fax No.:  (408) 295-2222

ENDORSED
**F I L E D**
San Francisco County Superior Court

AUG 2 2 2007

GORDON PARK-LI, Clerk
BY: ___DENNIS BRADY___
Deputy Clerk

5   Attorneys for Plaintiff

6

7

8           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SAN FRANCISCO

10  TAMMY GAW,                    Case No. CGC-07-465649

11         Plaintiff,

12      v.                   **FIRST AMENDED COMPLAINT FOR**
**DAMAGES FOR RETALIATION;**
13                       **WRONGFUL TERMINATION; AND**
ARTHUR J. GALLAGHER & CO.;     **INTENTIONAL INFLICTION OF**
14  JOSEPH INGE, an individual; DANIEL J.  **EMOTIONAL DISTRESS**
MCNAMARA, an individual; and DOES 1
15  to 20, inclusive,

16         Defendants.

17

18       Plaintiff TAMMY GAW complains of Defendants ARTHUR J. GALLAGHER & CO.;

19  JOSEPH INGE, an individual; DANIEL J. MCNAMARA, an individual; and DOES 1 to 20,

20  inclusive, and each of them, and alleges:

21              **FACTS COMMON TO ALL CAUSES OF ACTION**

22       1.     Plaintiff TAMMY GAW, hereinafter referred to as Plaintiff, at all relevant times was

23  and is a resident of the State of California.

24       2.     At all times herein mentioned, Defendant ARTHUR J. GALLAGHER & CO. was and

25  is an Illinois corporation conducting business in the State of California and elsewhere.

26       3.     At all times herein mentioned, Defendant JOSEPH INGE was and is an individual

27  residing in the County of San Francisco, State of California.

28       4.     At all times herein mentioned, Defendant JOSEPH INGE was acting individually and

in his capacity as Senior Area Vice President and as an agent of ARTHUR J. GALLAGHER & CO.

1    5.    At all times herein mentioned, Defendant DANIEL J. MCNAMARA was and is an
2    individual residing in the County of San Francisco, State of California.

3    6.    At all times herein mentioned, Defendant DANIEL J. MCNAMARA was acting
4    individually and in his capacity as Area Chairman and as an agent of ARTHUR J. GALLAGHER &
5    CO.

6    7.    Plaintiff does not know the true names or capacities, whether individual, corporate,
7    associate, or otherwise, of the Defendants sued herein as Does 1 to 20, inclusive, and, therefore, sues
8    said Defendants by the use of fictitious names.  Plaintiff prays leave that when the true names and
9    capacities of said Defendants are ascertained, they may be inserted herein with appropriate
10    allegations.

11    8.    At all times herein mentioned, each Defendant was the agent, servant, and employee
12    of the remaining Defendants, and each of them, and was acting with the permission and consent of
13    said Defendants and within the course and scope of said agency and employment.

14    9.    Hereinafter Defendants ARTHUR J. GALLAGHER & CO.; DANIEL J.
15    MCNAMARA, an individual; JOSEPH INGE, an individual;  and DOES 1 to 20, are collectively
16    referred to as the "Defendants."

17    10.    On or about January 1, 2005, Plaintiff entered into an employment relationship with
18    Defendants to work as a Producer, Area Vice President.

19    11.    During the course of Plaintiff's employment she witnessed her supervisor, Defendant
20    JOSEPH INGE engaging in unethical and illegal business practices in securing new accounts and
21    handling client accounts for Defendants, including but not limited to violations of Insurance Code
22    §791 *et seq.*

23    12.    On multiple occasions during the course of her employment Plaintiff reported
24    Defendant JOSEPH INGE's unethical and illegal business practices to representatives of Defendant
25    ARTHUR J. GALLAGHER & CO.

26    13.    On or about July 28, 2005, Plaintiff reported her supervisor's unethical and illegal
27    business practices to Defendant, DANIEL J. MCNAMARA, Area Chairman.

28    14.    In response Defendant, DANIEL J. MCNAMARA informed Plaintiff that if she did

1  not resign her employment would be terminated immediately. Alternatively, if Plaintiff agreed to

2  resign she would be paid severance through August 31, 2005.

3       15.    Plaintiff was forced to resign her employment on August 1, 2005.

4  ## FIRST CAUSE OF ACTION

5  ### (Retaliation)

6      Plaintiff complains of Defendants ARTHUR J. GALLAGHER & CO.; JOSEPH INGE, an

7  individual; DANIEL J. MCNAMARA, an individual; and DOES 1 to 20, inclusive, and for the First

8  Cause Action alleges:

9      16.    Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1

10  through 15 above and realleges the same as though set forth in full herein.

11      17.    Plaintiff reported Defendant JOSEPH INGE'S unethical and illegal business conduct

12  to the Area Chairman, Defendant DANIEL J. MCNAMARA on July 28, 2005, but no action was

13  taken to investigate Plaintiff's complaint. As a result of Plaintiff's reporting her supervisor's

14  unethical and illegal business conduct, Defendant DANIEL J. MCNAMARA retaliated against

15  Plaintiff by demanding she resign or Plaintiff's employment would be terminated immediately.

16      18.    The retaliatory action taken against Plaintiff by Defendants was in violation of

17  California public policy to protect privacy rights of insureds and to protect the public's need for

18  fairness in insurance information practices pursuant to Insurance Code §791 *et seq.*

19      19.    As a direct and proximate result of Defendants' retaliation against Plaintiff for

20  reporting her supervisor's unethical and illegal business practices, Plaintiff has been specially

21  damaged by loss of salary, commissions, bonuses, stock options and other benefits, counseling

22  expenses, attorney fees and pre-judgment interest in amounts presently unascertained, but in an

23  amount in excess of the jurisdictional limits of this court, and Plaintiff hereby reserves the right to

24  submit such special damages as they are incurred or ascertained.

25      20.    As a direct and proximate result of Defendants's retaliation against Plaintiff for

26  reporting her supervisor's unethical and illegal business practices, she has been humiliated,

27  embarrassed, and caused to suffer great mental and emotional distress, and has been generally

28  damaged in amounts presently unascertained, and Plaintiff hereby reserves the right to amend to

1  allege such general damages as incurred or ascertained.

2      21.    Defendants's conduct was willful, malicious, outrageous and oppressive and by way

3  of punishment and example and to prevent future similar treatment of other employees, Plaintiff

4  prays that punitive damages be assessed against Defendants pursuant to California Civil Code §3294.

5                        **SECOND CAUSE OF ACTION**

6                          **(Wrongful Termination)**

7      Plaintiff complains of Defendant ARTHUR J. GALLAGHER & CO. and for the Second

8  Cause of Action alleges:

9      22.    Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1

10 through 15, and 17 through 21 of the First Cause of Action, above and realleges the same as though

11 set forth in full herein.

12     23.    Defendant ARTHUR J. GALLAGHER & CO. knowingly acted and created

13 conditions of employment for Plaintiff which were hostile, intolerable and aggravating. Defendant

14 ARTHUR J. GALLAGHER & CO. knew of the impact upon Plaintiff, and Defendant ARTHUR J.

15 GALLAGHER & CO. could have, but failed to, remedy the situation, so that Plaintiff was placed in

16 a position of humiliation and embarrassment and was forced to terminate her employment with

17 Defendant's company on August 1, 2005.

18     24.    As a direct and proximate result of Defendant ARTHUR J. GALLAGHER & CO.'s

19 retaliation against Plaintiff for reporting her supervisor's unethical and illegal business practices and

20 termination of Plaintiff, Plaintiff has been specially damaged by loss of salary, commissions,

21 bonuses, stock options and other benefits, counseling expenses, attorney fees and pre-judgment

22 interest in amounts presently unascertained, but in an amount in excess of the jurisdictional limits of

23 this court, and Plaintiff hereby reserves the right to submit such special damages as they are incurred

24 or ascertained.

25     25.    As a direct and proximate result of Defendant ARTHUR J. GALLAGHER & CO.'s

26 retaliation against Plaintiff for reporting her supervisor's unethical and illegal business practices and

27 wrongful termination of Plaintiff, she has been humiliated, embarrassed, and caused to suffer great

28 mental and emotional distress, and has been generally damaged in amounts presently unascertained,

1  and Plaintiff hereby reserves the right to amend to allege such general damages as incurred or
2  ascertained.

3      26.    Defendant ARTHUR J. GALLAGHER & CO.'s conduct was willful, malicious,
4  outrageous and oppressive and by way of punishment and example and to prevent future similar
5  treatment of other employees, Plaintiff prays that punitive damages be assessed against Defendants
6  pursuant to California Civil Code §3294.

7                            **THIRD CAUSE OF ACTION**
8                     **(Intentional Infliction of Emotional Distress)**
9      Plaintiff complains of Defendants ARTHUR J. GALLAGHER & CO.; JOSEPH INGE, an
10 individual; DANIEL J. MCNAMARA, an individual; and DOES 1 to 20, inclusive, and for the Third
11 Cause Action alleges:

12     27.    Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1
13 through 15; 17 through 21 of the First Cause of Action and 23 through 26 of the Second Cause of
14 Action, above and realleges the same as though set forth in full herein.

15     28.    The aforementioned retaliation against Plaintiff for reporting her supervisor's
16 unethical and illegal business practices, and subsequent wrongful termination of Plaintiff's
17 employment, Defendants engaged in extreme, outrageous, and unprivileged conduct against Plaintiff
18 with the intent to cause Plaintiff severe emotional distress.  Defendants further engaged in the
19 aforementioned conduct with a reckless disregard of the probability such conduct would cause
20 Plaintiff to suffer severe emotional distress.

21     29.    As a direct and proximate result of Defendants' intentional infliction of emotional
22 distress, Plaintiff has been humiliated, embarrassed, and caused to suffer great mental and emotional
23 distress, and has been generally damaged in amounts presently unascertained, and Plaintiff hereby
24 reserves the right to allege such general damages as they are incurred or ascertained.

25     30.    Defendants' conduct, as aforesaid, was willful, malicious, oppressive, and done with a
26 conscious and reckless disregard of the rights of Plaintiff, and by way of punishment and example
27 and to prevent future similar treatment of other employees, Plaintiff prays that punitive damages be
28 assessed against Defendants pursuant to California Civil Code § 3294.

1    WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, for

2 special damages according to proof, for general damages according to proof, for punitive damages,

3 for presumed damages, for costs of suit, for prejudgment interest, for attorney's fees and costs, and

4 for such other and further relief as the Court may deem meet and proper.

5 DATED: August 20, 2007

BOHN & BOHN LLP

6

7

8    BY:    ROBERT H. BOHN, ESQ.
Attorneys for Plaintiff

9    TAMMY GAW

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit B



# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ARTHUR J. GALLAGHER & CO.; JOSEPH INGE, an
individual; DANIEL J. MCNAMARA, an individual; and
DOES 1 to 20, inclusive,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TAMMY GAW

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN FRANCISCO COUNTY SUPERIOR COURT
400 McAllister St., Room 103
San Francisco, CA 94102
Civil Division

CASE NUMBER
*(Número del Caso):* **CGC07- 465649**

**BY FAX**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ROBERT H. BOHN                    408-279-4222        408-295-2222
BOHN & BOHN LLP
152 N. Third Street, Suite 200
San Jose, CA 95112
DATE:
*(Fecha)* JUL 3 1 2007        Clerk, by _____, Deputy
GORDON PARK-LI        *(Secretario)*  CRISTINA E. BAUTISTA    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]
SUPERIOR COURT OF CALIFORNIA

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
& Plus

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |

ROBERT H. BOHN (State Bar #36283)
BOHN & BOHN LLP
152 N. Third Street, Suite 200
San Jose, CA 95112
TELEPHONE NO.: 408-279-4222    FAX NO.: 408-295-2222
ATTORNEY FOR (Name): Plaintiff, TAMMY GAW

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister St., Room 103
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil Division

FILED
San Francisco County Superior Court
JUL 31 2007
GORDON PARK-LI, Clerk
BY: _____ Deputy Clerk

CASE NAME: GAW v. ARTHUR J. GALLAGHER & CO.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder | | CGC 07 - 465647 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | | DEPT: | |

Items 1-5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action (specify): Three (3)

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 31, 2007

ROBERT H. BOHN (State Bar #36283)
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

CIVIL CASE COVER SHEET

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403;
Standards of Judicial Administration, § 19

**BOHN & BOHN LLP**
ROBERT H. BOHN, ESQ. - State Bar #36283
152 North Third Street, Suite 200
San Jose, California 95112
Telephone: (408) 297-~~CASE MANAGEMENT CONFERENCE~~
Fax No.: (408) 295-2222

**FILED**
San Francisco County Superior Court

JUL 3 1 2007

GORDON PARK-LI, Clerk,
BY: ~~Vivian E. Butista~~
Deputy Clerk

Attorneys for Plaintiff

DEC 2 8 2007 - 9:00 AM

~~DEPARTMENT 212~~

~~SUMMONS ISSUED~~

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

TAMMY GAW,

        Plaintiff,

        v.

ARTHUR J. GALLAGHER & CO.;
JOSEPH INGE, an individual; DANIEL J.
MCNAMARA, an individual; and DOES 1
to 20, inclusive,

        Defendants.

Case No.

~~CGC07~~- 465649

**COMPLAINT FOR DAMAGES FOR
RETALIATION; WRONGFUL
TERMINATION; AND INTENTIONAL
INFLICTION OF EMOTIONAL
DISTRESS**

**BY FAX**

Plaintiff TAMMY GAW complains of Defendants ARTHUR J. GALLAGHER & CO.;

JOSEPH INGE, an individual; DANIEL J. MCNAMARA, an individual; and DOES 1 to 20,

inclusive, and each of them, and alleges:

## FACTS COMMON TO ALL CAUSES OF ACTION

1.    Plaintiff TAMMY GAW, hereinafter referred to as Plaintiff, at all relevant times was

and is a resident of the State of California.

2.    At all times herein mentioned, Defendant ARTHUR J. GALLAGHER & CO. was and

is an Illinois corporation conducting business in the State of California and elsewhere.

3.    At all times herein mentioned, Defendant JOSEPH INGE was and is an individual

residing in the County of San Francisco, State of California.

4.    At all times herein mentioned, Defendant JOSEPH INGE was acting individually and

in his capacity as Senior Area Vice President and as an agent of ARTHUR J. GALLAGHER & CO.

5.     At all times herein mentioned, Defendant DANIEL J. MCNAMARA was and is an individual residing in the County of San Francisco, State of California.

6.     At all times herein mentioned, Defendant DANIEL J. MCNAMARA was acting individually and in his capacity as Area Chairman and as an agent of ARTHUR J. GALLAGHER & CO.

7.     Plaintiff does not know the true names or capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as Does 1 to 20, inclusive, and, therefore, sues said Defendants by the use of fictitious names. Plaintiff prays leave that when the true names and capacities of said Defendants are ascertained, they may be inserted herein with appropriate allegations.

8.     At all times herein mentioned, each Defendant was the agent, servant, and employee of the remaining Defendants, and each of them, and was acting with the permission and consent of said Defendants and within the course and scope of said agency and employment.

9.     Hereinafter Defendants ARTHUR J. GALLAGHER & CO.; DANIEL J. MCNAMARA, an individual; JOSEPH INGE, an individual; and DOES 1 to 20, are collectively referred to as the "Defendants."

10.     On or about January 1, 2005, Plaintiff entered into an employment relationship with Defendants to work as a Producer, Area Vice President.

11.     During the course of Plaintiff's employment she witnessed her supervisor, Defendant JOSEPH INGE engaging in unethical and illegal business practices in securing new accounts and handling client accounts for Defendants.

12.     On multiple occasions during the course of her employment Plaintiff reported Defendant JOSEPH INGE's unethical and illegal business practices to representatives of Defendant ARTHUR J. GALLAGHER & CO.

13.     On or about July 28, 2005, Plaintiff reported her supervisor's unethical and illegal business practices to Defendant, DANIEL J. MCNAMARA, Area Chairman.

14.     In response Defendant, DANIEL J. MCNAMARA informed Plaintiff that if she did not resign her employment would be terminated immediately. Alternatively, if Plaintiff agreed to

1   resign she would be paid severance through August 31, 2005.

2       15.    Plaintiff as the sole provider for her family, was forced to resign her employment on

3   August 1, 2005.

## FIRST CAUSE OF ACTION

### (Retaliation)

6   Plaintiff complains of Defendants ARTHUR J. GALLAGHER & CO.; JOSEPH INGE, an

7   individual; DANIEL J. MCNAMARA, an individual; and DOES 1 to 20, inclusive, and for the First

8   Cause Action alleges:

9       16.    Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1

10  through 15 above and realleges the same as though set forth in full herein.

11      17.    Plaintiff reported Defendant JOSEPH INGE'S unethical and illegal business conduct

12  to the Area Chairman, Defendant DANIEL J. MCNAMARA on July 28, 2005, but no action was

13  taken to investigate Plaintiff's complaint.  As a result of Plaintiff's reporting her supervisor's

14  unethical and illegal business conduct, Defendant DANIEL J. MCNAMARA retaliated against

15  Plaintiff by demanding she resign or Plaintiff's employment would be terminated immediately.

16      18.    The retaliatory action taken against Plaintiff by Defendants was in violation of

17  California public policy to protect privacy rights of insureds and to protect the public's need for

18  fairness in insurance information practices pursuant to Insurance Code §791 *et seq.*

19      19.    As a direct and proximate result of Defendants' retaliation against Plaintiff for

20  reporting her supervisor's unethical and illegal business practices, Plaintiff has been specially

21  damaged by loss of salary, commissions, bonuses, stock options and other benefits, counseling

22  expenses, attorney fees and pre-judgment interest in amounts presently unascertained, but in an

23  amount in excess of the jurisdictional limits of this court, and Plaintiff hereby reserves the right to

24  submit such special damages as they are incurred or ascertained.

25      20.    As a direct and proximate result of Defendants's retaliation against Plaintiff for

26  reporting her supervisor's unethical and illegal business practices, she has been humiliated,

27  embarrassed, and caused to suffer great mental and emotional distress, and has been generally

28  damaged in amounts presently unascertained, and Plaintiff hereby reserves the right to amend to

1  allege such general damages as incurred or ascertained.

2    21.    Defendants's conduct was willful, malicious, outrageous and oppressive and by way

3  of punishment and example and to prevent future similar treatment of other employees, Plaintiff

4  prays that punitive damages be assessed against Defendants pursuant to California Civil Code §3294.

5  ## SECOND CAUSE OF ACTION

6  ### (Wrongful Termination)

7    Plaintiff complains of Defendant ARTHUR J. GALLAGHER & CO. and for the Second

8  Cause of Action alleges:

9    22.    Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1

10  through 15, and 17 through 21 of the First Cause of Action, above and realleges the same as though

11  set forth in full herein.

12    23.    Defendant ARTHUR J. GALLAGHER & CO. knowingly acted and created

13  conditions of employment for Plaintiff which were hostile, intolerable and aggravating. Defendant

14  ARTHUR J. GALLAGHER & CO. knew of the impact upon Plaintiff, and Defendant ARTHUR J.

15  GALLAGHER & CO. could have, but failed to, remedy the situation, so that Plaintiff was placed in

16  a position of humiliation and embarrassment and was forced to terminate her employment with

17  Defendant's company on August 1, 2005.

18    24.    As a direct and proximate result of Defendant ARTHUR J. GALLAGHER & CO.'s

19  retaliation against Plaintiff for reporting her supervisor's unethical and illegal business practices and

20  termination of Plaintiff, Plaintiff has been specially damaged by loss of salary, commissions,

21  bonuses, stock options and other benefits, counseling expenses, attorney fees and pre-judgment

22  interest in amounts presently unascertained, but in an amount in excess of the jurisdictional limits of

23  this court, and Plaintiff hereby reserves the right to submit such special damages as they are incurred

24  or ascertained.

25    25.    As a direct and proximate result of Defendant ARTHUR J. GALLAGHER & CO.'s

26  retaliation against Plaintiff for reporting her supervisor's unethical and illegal business practices and

27  wrongful termination of Plaintiff, she has been humiliated, embarrassed, and caused to suffer great

28  mental and emotional distress, and has been generally damaged in amounts presently unascertained,

1  and Plaintiff hereby reserves the right to amend to allege such general damages as incurred or

2  ascertained.

3      26.   Defendant ARTHUR J. GALLAGHER & CO.'s conduct was willful, malicious,

4  outrageous and oppressive and by way of punishment and example and to prevent future similar

5  treatment of other employees, Plaintiff prays that punitive damages be assessed against Defendants

6  pursuant to California Civil Code §3294.

7  **THIRD CAUSE OF ACTION**

8  (Intentional Infliction of Emotional Distress)

9      Plaintiff complains of Defendants ARTHUR J. GALLAGHER & CO.; JOSEPH INGE, an

10  individual; DANIEL J. MCNAMARA, an individual; and DOES 1 to 20, inclusive, and for the Third

11  Cause Action alleges:

12      27.   Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1

13  through 15; 17 through 21 of the First Cause of Action and 23 through 26 of the Second Cause of

14  Action, above and realleges the same as though set forth in full herein.

15      28.   The aforementioned retaliation against Plaintiff for reporting her supervisor's

16  unethical and illegal business practices, and subsequent wrongful termination of Plaintiff's

17  employment, Defendants engaged in extreme, outrageous, and unprivileged conduct against Plaintiff

18  with the intent to cause Plaintiff severe emotional distress. Defendants further engaged in the

19  aforementioned conduct with a reckless disregard of the probability such conduct would cause

20  Plaintiff to suffer severe emotional distress.

21      29.   As a direct and proximate result of Defendants' intentional infliction of emotional

22  distress, Plaintiff has been humiliated, embarrassed, and caused to suffer great mental and emotional

23  distress, and has been generally damaged in amounts presently unascertained, and Plaintiff hereby

24  reserves the right to allege such general damages as they are incurred or ascertained.

25      30.   Defendants' conduct, as aforesaid, was willful, malicious, oppressive, and done with a

26  conscious and reckless disregard of the rights of Plaintiff, and by way of punishment and example

27  and to prevent future similar treatment of other employees, Plaintiff prays that punitive damages be

28  assessed against Defendants pursuant to California Civil Code § 3294.

1    WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, for

2    special damages according to proof, for general damages according to proof, for punitive damages,

3    for presumed damages, for costs of suit, for prejudgment interest, for attorney's fees and costs, and

4    for such other and further relief as the Court may deem meet and proper.

5    DATED: July 31, 2007

6                                                    BOHN & BOHN LLP

7

8                                    BY:    ROBERT H. BOHN, ESQ.
                                            Attorneys for Plaintiff
9                                           TAMMY GAW

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



CASE NUMBER: CGC-07-465649  TAMMY GAW VS. ARTHUR J GALLAGHER &CO et al

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

DATE:    **DEC-28-2007**

TIME:    **9:00AM**

PLACE:   **Department 212**
         **400 McAllister Street**
         **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

1  SEYFARTH SHAW LLP
   Kari Erickson Levine (State Bar No. 146101)
2  Eden Anderson (State Bar No. 233464)
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendants
   ARTHUR J. GALLAGHER & CO,
6  JOSEPH INGE, AND DANIEL MCNAMARA

7

8

9                    SUPERIOR COURT OF CALIFORNIA

10                   COUNTY OF SAN FRANCISCO

11  TAMMY GAW                         )   Case No. CGC-07-465649
                                      )
12            Plaintiff,              )   **DEFENDANTS' ANSWER TO**
                                      )   **PLAINTIFF'S UNVERIFIED FIRST**
13       v.                           )   **AMENDED COMPLAINT**
                                      )
14                                    )
    ARTHUR J. GALLAGHER & CO.;  JOSEPH )
15  INGE, an individual; DANIEL J.    )
    MCNAMARA, an individual; and DOES 1 )
16  through 20, inclusive,            )
                                      )
17                                    )   Action Filed:  July 31, 2007
              Defendants.             )
18  _____   )

19

20      Pursuant to California Code of Civil Procedure section 431.30(d), ARTHUR J.

21  GALLAGHER & CO, JOSEPH INGE, and DANIEL J. MCNAMARA ("Defendants"),

22  generally and specifically deny each and every assertion and cause of action alleged in TAMMY

23  GAW'S ("Plaintiff") unverified First Amended Complaint ("Complaint") and, without limiting

24  the generality of the foregoing, deny that Plaintiff has been damaged in any amount, or at all, by

25  reason of any acts or omissions of Defendants, or any of their past or present agents,

26  representatives, and/or employees.

27      Separately, and as defenses to the purported causes of action alleged in Plaintiff's

28  Complaint, Defendants allege as follows:

                                      1

## SEPARATE DEFENSES

### I.

(Failure to State a Cause of Action – All Causes of Action)

Plaintiff's Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action or state a claim upon which relief may be granted against Defendants.

### II.

(Failure to State Cause of Action as to Individual Defendants – First Cause of Action)

Plaintiff's first cause of action against the individually named defendants is barred because individuals cannot, as a matter of law, be held liable for retaliation under California Labor Code Section 1102.5.

### III.

(Failure to State Cause of Action – First Cause of Action)

Plaintiff's first cause of action is barred to the extent Plaintiff did not engage in conduct protected by California Labor Code Section 1102.5.

### IV.

(Statute of Limitations – All Causes of Action)

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations, including, but not limited to California Code of Civil Procedure section 335 *et seq.*

### V.

(Failure to Exhaust Administrative Remedies – First Cause of Action)

Plaintiff's claims are barred for failure to exhaust her administrative remedies.

### VI.

(Waiver – All Causes of Action)

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

Defendants' Answer to Plaintiff's Unverified First Amended Complaint

1

## VII.

(Laches – All Causes of Action)

Plaintiff's claims are barred in whole or in part by the equitable doctrine of laches.

## VIII.

(Unclean Hands – All Causes of Action)

Plaintiff's claims are barred to the extent she has unclean hands.

## IX.

(Estoppel – All Causes of Action)

Plaintiff is equitably estopped from asserting her claims because Plaintiff has, by her own conduct, intentionally induced, caused, and/or contributed to the alleged conduct of Defendants of which she now complains.

## X.

(After-Acquired Evidence – All Causes of Action)

Plaintiff's claims are barred to the extent she engaged in misconduct which would have justified any adverse action (including termination) even if Defendants were unaware of the conduct.

## XI.

(Ratification – All Causes of Action)

Plaintiff's claims are barred in whole or in part because any conduct by Defendants was ratified by Plaintiff.

## XII.

(Failure to Mitigate Damages – All Causes of Action)

Plaintiff is not entitled to back pay and/or other damages, to the extent that she failed to seek and obtain other employment and otherwise failed to mitigate her alleged loss of wages or other damages.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## XIII.

### (No Injury – All Causes of Action)

Plaintiff sustained no injuries, damages or loss by reason of any act of Defendants.

## XIV.

### (Management Discretion – All Causes of Action)

Any and all conduct of which Plaintiff complains or which is attributed to Defendants was a just and proper exercise of management discretion on the part of Defendants undertaken for a fair and honest reason.

## XV.

### (Legitimate Non-Retaliatory Factors – All Causes of Action)

Plaintiff may not obtain the relief requested in her Complaint because any adverse employment action(s) taken against Plaintiff was based on legitimate, non-retaliatory factors.

## XVI.

### (Good Faith – All Causes of Action)

Assuming, *arguendo*, that any of the actions alleged in the Complaint were taken by Defendants such actions were taken in good faith and were a lawful exercise of sound discretion and Defendants' legal rights, and were based on a rational, reasonable consideration of the facts.

## XVII.

### (Fair Treatment – All Causes of Action)

Plaintiff's claims are barred in that at all times Plaintiff was treated fairly.

## XVIII.

### (Worker's Compensation Exclusivity – All Causes of Action)

Any claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or distress are barred because Plaintiff's sole and exclusive remedy, if any, for such injuries, is governed by the California Workers' Compensation Act and the California Workers' Compensation Appeal Board pursuant to Labor Code sections 3600, *et seq.*

4

**XIX.**

(Action In Accordance With Applicable Law and Employer Policies –
All Causes of Action)

If Defendants engaged in the acts complained of in Plaintiff's Complaint, which they deny, then such acts were privileged, justified and/or taken in accordance with applicable law and/or Arthur J. Gallagher & Co.'s policies and procedures.

**XX.**

(Failure to Take Advantage of Complaint Mechanisms – All Causes of Action)

Defendants exercised reasonable care to avoid retaliation and to eliminate it when it might occur, and Plaintiff failed to act with like reasonable care to take advantage of the safeguards to otherwise prevent the harm that could have been avoided.

**XXI.**

(Any Actions Would Have Been Taken In Any Event – All Causes of Action)

The damages Plaintiff seeks are barred in whole or in part because any actions taken by Defendants against Plaintiff would have been taken in any event regardless of Plaintiff's purported protected activity.

**XXII.**

(Failure to State a Claim for Relief for Punitive Damages – All Causes of Action)

Plaintiff is not entitled to recover any punitive, double or exemplary damages against Defendants and any allegations with respect thereto should be stricken because Plaintiff has failed to plead and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice pursuant to California Civil Code section 3294(a).

**XXIII.**

(Due Process – All Causes of Action)

Plaintiff's punitive damage claims constitute a denial of Defendants' right to due process of law and equal protection of the law, or the taking for private property for public use without

1    just compensation, and are violative of the separation of judicial, legislative and executive

2    powers guaranteed by the United States and California Constitutions.

### XXIV.

(No Attorneys' Fees – All Causes of Action)

5    Plaintiff knew or should have known that her claims are without any reasonable basis in

6    law or equity and cannot be supported by good faith arguments for extension, modification, or

7    reversal of existing law.  As a result of Plaintiff's filing of this lawsuit, Defendants have been

8    required to obtain the services of the undersigned attorneys, and have and will continue to incur

9    substantial costs and attorneys' fees in defense of this frivolous case, and Defendant is therefore

10   entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this

11   action in accordance with California Code of Civil Procedure sections 128.5 and 128.7.

### RIGHT TO ASSERT ADDITIONAL DEFENSES

13   Defendants presently have insufficient knowledge or information upon which to form a

14   belief as to whether there may be additional, as yet unstated, defenses and reserve the right to

15   assert additional defenses in the event discovery indicates such defenses are appropriate.

### PRAYER

17   WHEREFORE, Defendants pray for judgment as follows:

18   1.    That Plaintiff take nothing by her Complaint, and that this Complaint be

19   dismissed with prejudice;

20   2.    For costs of suit and attorneys' fees; and

21   3.    For such other further relief as this Court may deem just and proper.

Defendants' Answer to Plaintiff's Unverified First Amended Complaint

1  DATED: October 3, 2007

SEYFARTH SHAW LLP

2

3
By _____
4       Kari Erickson Levine
        Eden Anderson
5   Attorneys for Defendants
    ARTHUR J. GALLAGHER & CO,
6   JOSEPH INGE, AND DANIEL
    MCNAMARA
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Answer to Plaintiff's Unverified First Amended Complaint

1

**PROOF OF SERVICE**

2    STATE OF CALIFORNIA          )

                                  )    ss

3    COUNTY OF SAN FRANCISCO      )

4         I am a resident of the State of California, over the age of eighteen years, and not a party
to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100,

5    San Francisco, California 94105. On October 3, 2007, I served the within documents:

6    **DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED**
**COMPLAINT**

7

8    ☐    I sent such document from facsimile machine (415) 397-8549 on September 20, 2007.
I certify that said transmission was completed and that all pages were received and

9    that a report was generated by facsimile machine (415) 397-8549 which confirms said
transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this

10   action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the
parties listed below.

11   ☒    by placing the document(s) listed above in a sealed envelope with postage thereon
fully prepaid, in the United States mail at San Francisco, California addressed as set

12   forth below.

13   ☐    by personally delivering the document(s) listed above to the person(s) at the
address(es) set forth below.

14

15   ☐    by placing the document(s) listed above, together with an unsigned copy of this
declaration, in a sealed Federal Express envelope with postage paid on account and

16   deposited with Federal Express at San Francisco, California, addressed as set forth
below.

17

18   ☐    by transmitting the document(s) listed above, electronically, via the e-mail addresses
set forth below.

19

20   BOHN & BOHN
Robert H. Bohn, Esq.

21   152 North Third Street, Suite 200
San Jose, California 95112

22   Telephone: (408) 279-4222
Facsimile: (408) 295-2222

23        I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

24   day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage

25   meter date is more than on day after the date of deposit for mailing in affidavit.

26        I declare that I am employed in the office of a member of the bar of this court whose
direction the service was made.

27        Executed on October 3, 2007, at San Francisco, California.

28

                                            _Patricia K. Massender_
                                            Patricia K. Massender