BOHN & BOHN LLP
ROBERT H. BOHN, ESQ. - State Bar #36283
152 North Third Street, Suite 200
San Jose, California 95112
Telephone: (408) 279-4222
Fax No.: (408) 295-2222

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

TAMMY GAW,

        Plaintiff,

v.

ARTHUR J. GALLAGHER & CO.;
JOSEPH INGE, an individual; DANIEL J.
MCNAMARA, an individual; and DOES 1
to 20, inclusive,

        Defendants.

Case No. 3:07-CV-5105

NOTION OF MOTION AND MOTION
TO REMAND CASE TO SAN
FRANCISCO COUNTY SUPERIOR
COURT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF
MOTION TO REMAND; AND CLAIM
FOR ATTORNEY FEES

DATE: December 7, 2007
TIME: 9:00 A.M.
COURTROOM: 10
JUDGE: SUSAN ILLSON

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on December 7, 2007, at 9:00 A.M., or as soon thereafter as the matter may be heard in Courtroom 10 of the above-entitled court located at 450 Golden Gate Avenue, 19th Floor, San Francisco, CA 94102, plaintiff TAMMY GAW, will and hereby does, move for leave to file a Motion To Remand and Claim For Attorney Fees. The motion will be made on the grounds that as the claims against the individual defendants are viable, and since both individual defendants are citizens of the State of California, no diversity of citizenship exists and the U.S. District has no basis for jurisdiction of the case.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities served and filed herewith, the Declaration of Robert H. Bohn, the evidence submitted in support of

Plaintiff's motion, all of the papers on file in this action, and on such argument and evidence as the Court may permit at the hearing on this motion.

Dated: October 29, 2007

BOHN & BOHN LLP

BY: *[signature]*
ROBERT H. BOHN
Attorneys for Plaintiff

Plaintiff hereby submits this Memorandum of Points and Authorities in support of plaintiff's Motion To Remand.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

### REMAND JURISDICTION

1. Notice of Removal of the above-entitled action was served on October 3, 2007. Notice to Remand is being filed and served within the statutory thirty (30) day time period pursuant to 28 USC §1447(c) and Rule 6(a) of the Federal Rules of Civil Procedure.

### NO DIVERSITY JURISDICTION

2. This court cannot ignore the claims alleged against the individual named defendants, Joseph Inge and Daniel J. McNamara, both California citizens.

3. Plaintiff's claims are not based exclusively on California Labor Code §1102.5.

4. California courts have repeatedly held that retaliation for resisting a violation of laws that secure important public policies is actionable as a common law tort. *Tameny v. Atlantic Richfield Company* (1980) 27 Cal. 3d 167. *Collier v. Superior Court* (1991) 228 Cal.App.3d 1117, 1127; *Parada v. City of Colton* (1994) 24 Cal.App.4th 356.

> "In the past half century the right of employees have not only been proclaimed by a mass of legislation touching upon almost every aspect of the employer/employee relationship, but the courts have likewise evolved certain additional protections at common law....the employer cannot condition employment upon required participation and unlawful conduct by the employee." *Tameny* at page 178.

///

5. The public policy of this state against crime in the work place is reflected in the Penal Code..."Retaliation by an employer when an employee seeks to further this well-established public policy by responsibly reporting suspicions of illegal conduct to the employer seriously impairs the public interest..." *Collier v. Superior Court* (1991) 228 Cal.App.3d 1117, 1127.

6. "Discharge of an employee in retaliation for resisting employer violations of laws that secure important public policies contravenes these policies, and gives rise to a common law action in tort." *Parada v. City of Colton* (1994) 24 Cal.App.4th 356, 365.

7. "An individual supervisor may be liable for retaliation against the employee under the FEHA." *Walrath v. Sprinkel* (2002) 99 Cal.App.4th 1237, 1241.

8. Insurance Code §791.06, requiring a written statement authorizing disclosure of personal or privileged information for insurance purposes, states:

> "Notwithstanding any other provision of law, no insurance institution, agent,...may utilize its disclosure authorization form in connection with insurance transactions a form or statement which authorizes the disclosure of personal or privileged information about an individual to the insurance institution, agent,...unless the form or statement:
>
> (a) Is written in plain language.
>
> (b) Is dated.
>
> (e) Names the insurance institution or agent and identifies by generic reference representatives of the insurance institution to whom the individual is authorizing information to be disclosed."

9. Plaintiff had a significant insurance client, Draeger's Grocery Stores, because Mr. Draeger was a longtime friend and neighbor of plaintiff's. Plaintiff initiated the Draeger Insurance account while plaintiff was an insurance agent with Marsh & McClennan, Inc. Plaintiff left Marsh in October 2004. She was courted by several insurance agencies during November and December of 2004 because of her prominence in the local insurance industry. She had concerns about the renewal of the Draeger worker's compensation insurance policy due December 31, 2004.

10. Plaintiff was hired by defendant Arthur J. Gallagher & Co., on December 20, 2004. She was informed on December 24, 2004, by defendant Joseph Inge, her former supervisor at Marsh and her new manager at Gallagher, that he had personally taken the Draeger account records out of the files of

1   Marsh without the consent of either Draeger or the plaintiff and moved the account to Gallagher. Inge told plaintiff he knew that Draeger was her account but that he would share the revenues of the account with her at Gallagher. Defendant Daniel McNamara was Inge's supervisor and VP at Gallagher and knew that Inge had taken the Draeger account documents without permission from the client or the client's agent.

   11.  Inge had taken the Marsh records of plaintiff's other personal accounts without client consent or plaintiff's consent and then claimed those accounts as his own at Gallagher.

   12.  The actions of defendants Inge and McNamara were unlawful and in violation of California Insurance Code §791.06, in violation of a public policy designed to protect members of the general public.

   13.  Plaintiff objected to both Inge and McNamara about their unlawful taking of her accounts from the Marsh files without proper consent pursuant to Insurance Code §791.06. McNamara then on July 28, 2005, demanded plaintiff's immediate resignation from Gallagher and Inge called Mr. Draeger and told him that he had just fired plaintiff due to "differences in business practices." Mr. Draeger was furious with Inge, confronted him about stealing his account away from Marsh and plaintiff and had a heart attack over his fury about August 1, 2005.

   14.  Plaintiff submitted the resignation demanded by McNamara on August 1, 2005.

   15.  Mr. Draeger moved his insurance account from Gallagher at the end of the policy term in December 2005.

   16.  Directly because of the unlawful acts of Inge and McNamara which led to plaintiff's termination and scandal within the local insurance industry, plaintiff has suffered serious loss of income and severe emotional distress.

   17.  Individual employees or officers of a corporation may be individually liable if they are personally involved in the commission of the tort, such as defendants Inge and McNamara were in this case. *Wyatt v. Union Mortgage* (1979) 24 Cal.3d 773; *U.S. Liability Insurance Company v. Haidinger-Hayes* (1970) 1 Cal.3d 586, 595; Witkin, Summary of California Law, 10th Ed., Vol. 5, Torts, §33, page 94.

   18.  Discharge of an employee in retaliation for resisting the employer's violation of laws that

secure important public policies is actionable as a common law tort. *Tameny v. Atlantic Richfield Company* (1980) 27 Cal.3d. 167; *Collier v. Superior Court* (1991) 228 Cal.App.3d 1117, 1127; *Parada v. City of Colton* (1994) 24 Cal.App.4th 356.

19. Defendants Inge and McNamara, having both been individually involved in commissions of a common law tort, are both individually liable for retaliating against the plaintiff for plaintiff objecting to their unlawful conduct against public policy.

20. Because defendants Inge and McNamara can both be liable for unlawful retaliation, the cause of action against each for intentional infliction of emotional distress is also viable. The California worker's compensation system is not the exclusive remedy for an emotional distress claim. *Shoemaker v. Meyers* (1990) 57 C.3d. 1; *Livitsanos v. Superior Court* (1992) 2 C.4th 744; *Accardi v. Superior Court* (1993) 17 C.A. 4th 341.

21. As the claims against the individual defendants are viable, and since both individual defendants are citizens of the State of California, no diversity of citizenship exists and the U.S. District has no basis for jurisdiction of this case.

22. For the above reasons, this case must be remanded to the Superior Court of the State of California pursuant to 28 U.S.C. §1447(c) and Rule 6(a) of the FRCP, together with costs and attorney's fees to the plaintiff.

Dated: October 29, 2007

BOHN & BOHN LLP

BY: _____
ROBERT H. BOHN, ESQ.
Attorney for Plaintiff