SEYFARTH SHAW LLP
Kari Erickson Levine (SBN 146101) KLevine@seyfarth.com
Eden Anderson (SBN 233464) EAnderson@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendants
ARTHUR J. GALLAGHER & CO.,
JOSEPH INGE, and DANIEL J. McNAMARA

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY GAW,<br><br>    Plaintiff,<br><br>v.<br><br>ARTHUR J. GALLAGHER & CO.; JOSEPH INGE, an individual; DANIEL J. MCNAMARA, an individual; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No. C 07 5105 SI<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO REMAND**<br><br>Date: December 21, 2007<br>Time: 9:00 a.m.<br>Judge: Hon. Susan Illston<br>Courtroom: 10 |

## I. INTRODUCTION

Plaintiff Tammy Gaw ("Plaintiff") seeks to hold her former employer Arthur J. Gallagher ("Gallagher") liable for common law retaliatory termination in violation of public policy, whistleblower retaliation in violation of California Labor Code Section 1102.5, and intentional infliction of emotional distress. Individual defendants Joseph Inge and Dan McNamara, both Gallagher employees, are named as Defendants in *only the latter two causes of action*. Plaintiff's First Amended Complaint *does not even allege* a common law retaliatory termination claim against the individual defendants, a fact which, in and of itself, speaks volumes as to the merits, or lack thereof, of Plaintiff's remand request.

While conceding that the two claims she has actually pleaded against the individual defendants are not viable, Plaintiff asks this Court to remand the matter on the grounds that individual employees purportedly may be held liable in tort for common law retaliatory termination in violation of public policy. Yet, any attempt to amend her complaint to include such a claim would be fruitless, given that it is not a claim which California law recognizes.

Because the claims she has pleaded against the individual defendants are not viable, and because the common law tort claim she failed to allege, yet now seeks to assert, is also not recognized by California law, Defendants Inge and McNamara are "sham" defendants whose residence must be disregarded for purposes of determining diversity. Because diversity jurisdiction exits, Defendants ask that this Court deny Plaintiff's Motion to Remand.

## II. FACTS

After she was laid off by her former employer, Plaintiff was hired by Gallagher in December 2004. She was terminated seven months later after a series of bungled client presentations and having failed to bring in sufficient business to support her hefty six figure salary. While other producers were closing deals, Plaintiff had just three client accounts, the revenue from which was insubstantial. Plaintiff never complained of any purported illegal activity during her employment. She first raised allegations of wrongdoing when she filed suit some two years after her termination.

## III. LEGAL ARGUMENT

### A. Individual Employees Cannot Be Held Liable For Alleged Whistleblower Retaliatory Termination By Statute Or Under The Common Law

#### 1. There Is No Statutory Basis To Hold Individual Employees Liable For Alleged Whistleblower Retaliatory Termination

Plaintiff concedes, as she must, that California's whistleblower statute – Labor Code Section 1102.5 ("Section 1102.5") – does not impose liability on individual employees. (See Motion at ¶ 3.) Even the case law upon which Plaintiff relies makes this point. (*Collier v. Superior Court*, 228 Cal. App. 3d 1117, 1123 (1991) (Section 1102.5 "prohibits *employer* retaliation against an employee . . . .") (emphasis added); *see also Neveu v. City of Fresno*, 392

2
Defendants' Opposition to Motion to Remand - Case No. C 07 5105 SI

F.Supp.2d 1159, 1173 (E.D. Cal. 2005) (explaining that Section 1102.5 "is a 'whistleblower' statute that establishes liability for employers who retaliate against their employees for disclosing information to government or law enforcement agencies"); *Chappell v. City of Pittsburgh*, 2005 WL 756617, at *3 (N.D. Cal. 2005) (because "Section 1102.5 only create(s) liability for employers, individual defendants are not liable").)

Because Section 1102.5 does not save Plaintiff's claims, she argues that California's Fair Employment and Housing Act ("FEHA") somehow operates to impose liability on individual employees for whistleblower retaliation. (*See* Motion at ¶ 7.) But, the FEHA affords no protection for alleged whistleblowers; its provisions protect members of various "protected classes" (e.g., race, sex, disability) from discrimination, harassment, and retaliation. (Cal. Gov't Code Section 12940 *et seq*.) Moreover, Plaintiff has not alleged any claim under the FEHA, and case law interpreting it has no bearing on the issues presently before this Court. Thus, there is no statutory basis – either in the FEHA or the Labor Code - to hold individual defendants Inge and McNamara liable for alleged whistleblower retaliation.

## 2. There Is No Basis In The Common Law To Hold Individual Employees Liable For Alleged Whistleblower Retaliatory Termination

Although the California Legislature has made clear its intent that individual employees *not* face liability for whistleblower retaliation, Plaintiff argues – citing *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (1980) and its progeny - that this Court may nevertheless circumvent Section 1102.5 and impose liability under common law principles. Plaintiff asserts that a common law tort claim for retaliatory discharge in violation of public policy exists, and that individual employees may face liability. (*See* Motion at ¶¶ 4-6, 17-19.) Although the former proposition is certainly accurate, the latter is not.

Neither *Tameny*, nor any other case relied upon by Plaintiff supports the imposition of liability upon individual employees for common law retaliatory termination in violation of public policy. In *Tameny*, the California Supreme Court recognized that an employee terminated for his refusal to participate in illegal activity may maintain a claim in tort against his *employer* for retaliatory termination in violation of public policy. (*Id.* at 175.) The Court made clear that such

a claim "subjects *an employer* to tort liability" and that it is "*an employer's obligation* to refrain from discharging an employee who refuses to commit a criminal act." (*Id.* at 176 (emphasis added).) The Court summed up its holding as follows:

> We hold that *an employer*'s authority over its employees does not include the right to demand that the employee commit a criminal act . . . and *an employer* may not coerce compliance with such unlawful directions by discharging an employee . . . . *An employer* engaging in such conduct violates a basic duty imposed by law upon all *employers*, and thus an employee . . . may maintain a tort action for wrongful discharge *against the employer*.

(*Id.* at 178 (emphasis added).) There is no language in the case to suggest that a retaliatory discharge claim may be maintained against individual employees.

*Tameny* is not the only case that Plaintiff points to that wholly fails to support her position. In *Parada v. City of Colton*, 24 Cal. App. 4th 356, 359 (1994), the plaintiff abandoned his common law retaliatory termination and intentional infliction of emotional distress claims against an individually named defendant after demurrers to his claims were *twice sustained*. And, *Collier v. Superior Court*, 228 Cal. App. 3d 1117 (1991) addresses a common law retaliatory termination claim filed against *an employer* and includes no discussion of the issue of individual liability.

In fact, Plaintiff has pointed to no case that supports the imposition of *individual* liability for common law retaliatory termination in violation of public policy. The only cases that Plaintiff cites to that discuss individual liability do so in the context of negligence, breach of fiduciary duty, and other inapposite claims asserted against corporate *directors, officers, and controlling shareholders*. (Motion at ¶ 17, citing *U.S. v. Haidinger-Hayes*, 1 Cal. 3d 586, 595 (1970) (judgment as to individual defendant, president and principal executive officer, reversed because there was no evidence that duty to plaintiff had been breached) and *Wyatt v. Union Mortgage Co.*, 24 Cal. 3d 773, 779 (1979) (discussing liability of company's principal shareholder and directors and officers upon claims for fraudulent conspiracy and breach of fiduciary duty). These cases have no applicability to the issue presently before the Court.

California's whistleblower retaliation statute, Section 1102.5, imposes liability only on employers, not individual employees. A common law cause of action for retaliatory

[whistleblower] termination in violation of public policy against an employee does not exist. As the California Supreme Court recognized in *Reno v. Baird*, when the statute that gives rise to a claim does not impose individual liability, "[i]t would be *absurd* to . . . then allow essentially the same action under a different rubric [*i.e.*, under the common law]." (*Reno*, 18 Cal. 4th 640, 664 (1998) (refusing to recognize common law claim for wrongful termination in violation of public policy against individual defendants where FEHA did not itself impose liability on individual employees for discrimination) (emphasis added).)

Because Plaintiff cannot state a claim against Defendants Inge and McNamara for whistleblower retaliation – whether grounded in statute or the common law – her motion to remand must be denied.

**B.    Plaintiff's First Amended Complaint Already Alleges A Common Law Claim For Retaliatory Termination In Violation Of Public Policy, Yet Tellingly Does Not Seek To Hold Inge And McNamara Liable**

It is also important to note that Plaintiff's First Amended Complaint *already* asserts a common law claim for retaliatory [whistleblower] termination in violation of public policy, yet seeks to hold *only Gallagher* liable on that claim. Had Plaintiff believed that individuals could be liable, she should have alleged so at the outset. Her failure to do so speaks volumes as to the merits, or lack thereof, of her present arguments.

**C.    The Workers' Compensation System Is Plaintiff's Exclusive Remedy For Her Intentional Infliction Of Emotional Distress Claim Against The Individual Defendants**

Plaintiff concedes that, to the extent her whistleblower retaliation claim against Inge and McNamara fails, her exclusive remedy for alleged work-related emotional distress is California's workers' compensation system. (*See* Motion at ¶ 20.) Because Plaintiff's whistleblower retaliation claim cannot be maintained against the individually named defendants, this Court lacks jurisdiction to entertain her claim against the individual defendants for intentional infliction of emotional distress. (*See Phillips v. Gemini Moving Specialists*, 63 Cal. App. 4th 563, 577 (1998) (where individual defendant otherwise cannot be held liable for other employment-related claims alleged, plaintiff's exclusive remedy for recovery for intentional infliction of emotional

distress was the workers' compensation system); *Jones v. RJ Donovan Correctional Facility*, 152 Cal. App. 4th 1367, 1382 (2007) (claim for intentional infliction of emotional distress against individual defendants fails to the extent it is not tethered to viable claim for discrimination).)

### D. Because Inge And McNamara Are "Sham" Defendants, Diversity Jurisdiction Exists

Because Plaintiff has not alleged a viable claim against the individually named Defendants, they are "sham" defendants whose residence must be disregarded for purposes of determining diversity jurisdiction. (*See Ritchey v. Upjohn Drug*, 139 F.3d 1313 (9th Cir. 1998).) As Plaintiff is a resident of California and Gallagher is a resident of Delaware and Illinois, complete diversity exists. Moreover, as detailed in Defendants' Notice of Removal, the substance of which is incorporated herein by this reference, the amount in controversy in this matter is far in excess of the jurisdictional $75,000 minimum. (Notice of Removal at ¶ 8.)

### E. If The Matter Is Remanded, Plaintiff Is Not Entitled To Recover Alleged Fees And Costs Because Defendants Had An "Objectively Reasonable" Basis For Removal

In the event the matter is remanded, Plaintiff is not entitled to recover fees and costs purportedly incurred[1] in seeking remand because Defendants had an "objectively reasonable" basis for removing the case. (*See Gardner v. UICI*, 2007 WL 4095612, at *2-3 (9th Cir. 2007) (reversing award of fees and costs where removing party had "an objectively reasonable basis for removal"; if a "reasonable litigant . . .could have concluded that federal court was the proper forum" a request for fees and costs must be denied); *see also Mosaic Sys., Inc. v. Bechtolsheim*, 2007 WL 3022581, at *5 (N.D. Cal. (Illston, J.) 2007) (denying request for fees and costs given "objectively reasonable" basis for removal).)

### IV. CONCLUSION

Plaintiff has not, and cannot, state viable claims against individual defendants Joseph Inge and Daniel McNamara. For this reason, complete diversity exists and this Court has

---

[1] Defendants reserve their right to challenge any amount of fees claimed by Plaintiff. The ten hours purportedly expended in drafting a short motion to remand by an attorney with 42 years experience is excessive.

1 | jurisdiction to entertain Plaintiff's claims against Gallagher. Defendants therefore ask that
2 | Plaintiff's Motion to Remand be denied.

3 | DATED: November 30, 2007                SEYFARTH SHAW LLP

By _____Eden Anderson_____
Kari Erickson Levine
Eden Anderson
Attorneys for Defendants
ARTHUR J. GALLAGHER & CO.,
JOSEPH INGE, AND DANIEL J.
MCNAMARA

SF1 28307941.1 / 37808-000059