BOHN & BOHN LLP
ROBERT H. BOHN, ESQ. - State Bar #36283
152 North Third Street, Suite 200
San Jose, California 95112
Telephone: (408) 279-4222
Fax No.: (408) 295-2222

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| TAMMY GAW,<br><br>    Plaintiff,<br><br>v.<br><br>ARTHUR J. GALLAGHER & CO.; JOSEPH INGE, an individual; DANIEL J. MCNAMARA, an individual; and DOES 1 to 20, inclusive,<br><br>    Defendants.<br>_____/ | Case No. 3:07-CV-5105<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS OPPOSITION TO MOTION TO REMAND CASE TO SAN FRANCISCO COUNTY SUPERIOR COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND; AND CLAIM FOR ATTORNEY FEES**<br><br>DATE:          December 21, 2007<br>TIME:           9:00 A.M.<br>COURTROOM:  10<br>JUDGE:        SUSAN ILLSON |

## I. INTRODUCTION

This case involves violation of specific California Insurance Code provisions by the individual named Defendants. Defendant's opposition to Plaintiff's Motion to Remand totally fail to address the Insurance Code violations alleged in the Complaint which raise individual liability of the named Defendants.

## II. FACTS

The named individuals violated Insurance Code §791.06. These violations give rise to individual liability of <u>agents</u> for violation of this statutory public policy to protect the privacy rights of individual members of the public. Plaintiff has alleged individual liability of two named Defendants in her First Cause of Action for retaliation.

### III. LEGAL ARGUMENT

#### A. Certain Individual Employees May Be Liable for Retaliation.

Plaintiff has alleged in her First Cause of Action for retaliation violation of Insurance Code §791.06 by Defendants Inge and McNamara. The Code specifically places the burden of this insurance practice on the agent as well as the insurance institution. The Insurance Code is a statutory scheme designed for the protection of the public. Violation is therefore a violation of a statutory public policy and constitutes a tort.

The individual actions of an officer, or even of a shareholder, who is personally involved in the commission of a tort may impose individual liability on such tortfeasors. (Cites are all included in paragraph 17 of Plaintiff's original memorandum of Points and Authorities) Defendant Daniel McNamara was a Vice President and officer of the Defendant corporation and acted in that capacity at all relevant times. Defendant Joseph Inge was a manager and Plaintiff's immediate supervisor and acted in that capacity at all relevant times. They are both individually liable for the commission of these torts because they had a statutory duty to Plaintiff and her clients which they breached.

#### B. Wrongful Termination

Plaintiff has not alleged a claim against the individual Defendants for wrongful termination because only the employer employs the employee and therefore the employer is the only party that can terminate that relationship. Plaintiff's Second Cause of Action limiting the wrongful termination claim to the employer is appropriately pled by the Plaintiff and speaks volumes of the knowledge of her attorneys.

#### C. Workers Compensation

Plaintiff has presented the appropriate cases supporting her position that if the retaliation and/or wrongful termination claims are valid, then the claim for intentional infliction of emotional distress is viable against all Defendants and workers compensation is not her exclusive remedy.

#### D. No Diversity Exists.

Inge and McNamara are properly named and are not sham defendants, so diversity does not exist.

#### E. Award of Costs and Attorney Fees

Attorneys are presumed to research and know the law on which they base their motions in

---

Gaw v. Arthur J. Gallagher & Co., et al.
**PLAINTIFFS REPLY TO DEFENDANTS OPPOSITION TO MOTION TO REMAND CASE**                    2

court. Defense counsel had no reasonable basis on which they could legitimately claim their clients are sham defendants when they sought removal of this case to federal court. Consequently, an award of costs and attorney fees against the defense is proper.

### IV.  CONCLUSION

Plaintiff's allegations against the individual Defendants are appropriate. They are California citizens. No diversity of citizenship exists. Plaintiff's Motion to Remand the case to the Superior Court with an award of costs and attorney fees should be granted.

Dated: December 5, 2007

BOHN & BOHN LLP

BY: _____
ROBERT H. BOHN, ESQ.
Attorney for Plaintiff

---

Gaw v. Arthur J. Gallagher & Co., et al.
PLAINTIFFS REPLY TO DEFENDANTS OPPOSITION TO MOTION TO REMAND CASE            3