IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TAMMY GAW,

        Plaintiff,

   v.

ARTHUR J. GALLAGHER & COMPANY, *et al.*,

        Defendants.

   /

No. C 07-5105 SI

**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND**

On December 21, 2007, the Court held a hearing on plaintiff's motion for remand. After consideration of the parties' papers and arguments, the Court DENIES plaintiff's motion.

**BACKGROUND**

On July 31, 2007, plaintiff Tammy Gaw filed a complaint in San Francisco Superior Court against her former employer, Arthur J. Gallagher & Company ("Gallagher"), and two Gallagher employees, Joseph Inge and Daniel McNamara. Plaintiff amended the complaint on August 22, 2007, and defendants filed a notice of removal within 30 days of service of the amended complaint.

Plaintiff alleges three causes of action under California law: (1) retaliation against all defendants; (2) wrongful termination against Gallagher; and (3) intentional infliction of emotional distress against all defendants. Plaintiff alleges that during the course of her employment with Gallagher, she witnessed her supervisor, defendant Inge, engaging in unethical and illegal business practices in securing new accounts and handling client accounts for Gallagher, including but not limited to violations of California Insurance Code § 791 *et seq.* First Amended Complaint ¶ 11. Plaintiff alleges that she reported Inge's

unethical and illegal business practices to defendant McNamara, and that in response McNamara informed plaintiff that if she did not resign, her employment would be terminated immediately. *Id*. ¶¶ 13-14. Plaintiff alleges that she was forced to resign her employment. *Id*. ¶ 15.

Defendants removed this action on the basis of diversity jurisdiction. Gallagher is an Illinois corporation, while defendants Inge and McNamara are California residents. Defendants contend that plaintiff has fraudulently joined Inge and McNamara. Plaintiff has moved to remand this case to state court, and also seeks fees and costs associated with the remand motion.

## LEGAL STANDARD

A suit filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c). The court may remand *sua sponte* or on motion of a party, and the party who invoked the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). The removal statute is strictly construed against removal jurisdiction and any doubt is resolved in favor of remand. *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

While considering a motion to remand, "[a] district court may disregard a non-diverse party named in the state court complaint and retain federal jurisdiction if the non-diverse party is joined as a sham or if the joinder is fraudulent." *Plute v. Roadway Package System, Inc*., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (citing *Farias v. Bexar County Bd. of Trustees,* 925 F.2d 866, 871 (5th Cir. 1991)). Joinder is considered fraudulent "'[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *McCabe v. General Food Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987)). There is a presumption against finding fraudulent joinder, and the defendants claiming fraudulent joinder have the burden of persuasion. *Plute*, 141 F. Supp. 2d at 1008.

**DISCUSSION**

Plaintiff's first cause of action for "retaliation," alleges that "[t]he retaliatory action taken against Plaintiff by Defendants was in violation of California public policy to protect privacy rights of insureds and to protect the public's need for fairness in insurance information practices pursuant to Insurance Code § 791 *et seq*." FAC ¶ 18.

Defendants contend that as a matter of law, plaintiff cannot maintain this claim against the individual defendants.[1] To the extent that this claim is analyzed as one for retaliatory termination in violation of public policy, defendants are correct. Plaintiff cites numerous cases for the proposition that an individual can bring a common law claim for retaliatory discharge in violation of public policy. *See, e.g.*, *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (1980); *Parada v. City of Colton*, 24 Cal. App. 4th 356 (1994); *Collier v. Superior Court*, 228 Cal. App. 3d 1117 (1991). However, as defendants correctly note, none of these cases hold that individual employees may be held liable under such a claim, and instead the cases generally discuss the "employer's" liability for retaliatory discharge. *See Tameny*, 27 Cal. 3d at 175. Furthermore, although plaintiff *does not* allege a claim for statutory retaliatory discharge, the Court notes that such claims may only be brought against an employer. *See* Cal. Labor Code § 1102.5. As the California Supreme Court has noted in a different context, when the statute that gives rise to a claim does not impose individual liability, "[i]t would be absurd to . . . then allow essentially the same action under a different rubric [*i.e.*, under the common law]." *Reno v. Baird*, 18 Cal. 4th 640, 664 (1998) (refusing to recognizing common law claim for wrongful termination in violation of public policy against individual defendants where FEHA did not itself impose liability on individual employees for discrimination).

None of the other cases cited by plaintiff holds that an individual may be held liable for retaliatory termination in violation of public policy. *See, e.g.*, *Wyatt v. Union Mortgage Co.*, 24 Cal.3d 773 (1979) (plaintiff brought action against mortgage loan broker, affiliated corporations, principal

---

[1] Plaintiff concedes that her claim for intentional infliction of emotional distress against the individual defendants fails unless she can also assert an employment-related claim against these defendants. *See* Reply at 2 ¶ C; *see also Phillips v. Gemini Moving Specialists*, 63 Cal. App. 4th 563, 577 (1998) (plaintiff's exclusive remedy for work-related emotional distress is through workers' compensation system unless plaintiff has tort cause of action for wrongful termination in violation of public policy or in violation of express statute).

shareholder and corporations' officers and directors for fraud and breach of fiduciary duties); *United States Liab. Ins. Co. v. Haidinger-Hayes*, 1 Cal. 3d 586 (1970) (plaintiff corporation sued corporation's general agent and agent's president for negligence); *Walrath v. Sprinkle*, 99 Cal. App. 4th 1237 (2002) (individual supervisor may be held liable under FEHA for retaliation, but not discrimination, because statute imposed liability on "employer" and "person" for retaliation). These cases discuss individual liability in wholly inapposite contexts, and are of no use to plaintiff here.[2]

Accordingly, the Court concludes that plaintiff has not stated a claim against the individual defendants, and that these defendants must be dismissed from the lawsuit. Because plaintiff has not alleged claims against the individual defendants, defendants properly removed this action on the basis of diversity jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES plaintiff's motion for remand. (Docket No. 7). Plaintiff shall file an amended complaint that does not allege claims against the individual defendants no later than **January 18, 2008**.

**IT IS SO ORDERED.**

Dated: January 9, 2008

SUSAN ILLSTON
United States District Judge

---

[2] At the hearing, the Court questioned plaintiff's counsel regarding whether plaintiff was alleging a claim directly under California Insurance Code Section 791.06, which is referenced in the first cause of action. This Section imposes certain obligations on insurance institutions and agents regarding the use and disclosure of personal or privileged information. Plaintiff's counsel stated that plaintiff was not alleging a claim directly under Section 791.06, but rather that this Section provides the predicate "tort" for plaintiff's retaliatory discharge claim. Plaintiff has not cited any authority supporting such a claim, and the Court declines to recognize this apparently novel theory.