1  SEYFARTH SHAW LLP
   Kari Erickson Levine (SBN 146101) KLevine@seyfarth.com
2  Eden Anderson (SBN 233464) EAnderson@seyfarth.com
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendants
   ARTHUR J. GALLAGHER & CO.,
6  JOSEPH INGE, and DANIEL J. McNAMARA

7  BOHN & BOHN LLP
   ROBERT H. BOHN, ESQ. - State Bar #36283
8  152 North Third Street, Suite 200
   San Jose, California 95112
9  Telephone:  (408) 279-4222
   Fax No.:  (408) 295-2222
10

11 Attorneys for Plaintiff
   TAMMY GAW
12

13                    UNITED STATES DISTRICT COURT

14            IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

15

16 TAMMY GAW,                          Case No. CGC-07-465649

17            Plaintiff,
                                       **JOINT CASE MANAGEMENT
18      v.                             STATEMENT**

19
   ARTHUR J. GALLAGHER & CO.;
20 JOSEPH INGE, an individual; DANIEL J.   Date:   January 18, 2008
21 MCNAMARA, an individual; and DOES 1     Time:  2:00 p.m.
   to 20, inclusive,                       Judge: Hon. Susan Illston
22                                         Dept./Place:  Courtroom 10, 19th Floor
                  Defendants.
23 _____/

24      Plaintiff Tammy Gaw ("Plaintiff") and Defendant Arthur J. Gallagher ("Defendant"),

25 (collectively "the parties") submit the following Joint Case Management Statement pursuant to this

26 Court's Order Setting Initial Case Management Conference.

27 ///

28 ///

_____
           Joint Case Management Statement - Case No. C 07 5105 SI

1.    **Jurisdiction and Service**

**Joint Position**:  The Court has determined, pursuant to its January 9, 2008 Order Denying Plaintiff's Motion for Remand, that subject matter jurisdiction is proper pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds $75,000 and diversity of citizenship will exist between the remaining parties, after Plaintiff files an amended complaint that does not allege claims against the individual defendants.

All parties have been served as of September 4, 2007.

2.    **Facts**

Brief Chronology of the Facts

**Plaintiff's Position**:  On or about January 1, 2005, Plaintiff entered into an employment relationship with Defendants to work as a Producer, Area Vice President. During the course of said employment with Defendant, Plaintiff performed all of her duties in an exemplary manner, was always professional, courteous, prompt, prepared, and responsive to the job, and was repeatedly told by her superiors that she was meeting or exceeding the expectations and requirements of this job.

During the course of Plaintiff's employment she witnessed her supervisor Joseph Inge engaging in unethical and illegal business practices in securing new accounts and handling client accounts for Defendants, including but not limited to violations of Insurance Code §791 *et seq*.

On multiple occasions during the course of her employment Plaintiff reported Mr. Inge's unethical and illegal business practices to representatives of Defendant  Arthur J. Gallagher & Co. On or about July 28, 2005, Plaintiff reported her supervisor's unethical and illegal business practices to the Area Chairman, Daniel J. McNamara. In response Mr. McNamara informed Plaintiff that if she did not resign her employment would be terminated immediately.  Alternatively, if Plaintiff agreed to resign she would be paid severance through August 31, 2005.  Plaintiff was forced to resign her employment on August 1, 2005.

On July 31, 2007, Plaintiff filed a complaint in the Santa Clara County Superior Court, alleging : (A) retaliation in violation of California public policy to protect privacy rights of insureds and to protect the public's need for fairness in insurance information practices pursuant to

Insurance Code §791 *et seq.*;  (B) wrongful termination; and (C) intentional infliction of emotional distress.

**Defendant's Position**:  After she was laid off by her former employer, Plaintiff was hired by Gallagher in December 2004 as a "Producer," responsible for producing new insurance business. She was terminated seven months later after a series of bungled client presentations and having failed to bring in sufficient business to support her hefty six figure salary.  While other producers were closing deals, Plaintiff had just three client accounts, the revenue from which was insubstantial. Plaintiff was one of many employees terminated in or around August 2005.

Two years after her termination, Plaintiff filed a Complaint, alleging three causes of action: (1) Whistleblower Retaliation; (2) Wrongful Retaliatory Discharge In Violation of Public Policy; and (3) Intentional Infliction of Emotional of Emotional Distress.  The substance of her allegations is that a colleague purportedly took a client file from his prior place of employment without the permission of the client, and then stole the client from Plaintiff.  Plaintiff alleges she complained about her colleague's claimed conduct on July 28, 2005, and was then terminated.

In reality, Plaintiff never complained of any purported illegal activity during her employment. She first raised allegations of wrongdoing when she filed suit.  Moreover, as to the client that Plaintiff alleges her colleague purportedly stole from her, the evidence establishes that Plaintiff herself was receiving 86% of the commissions from that client's small amount of business.  Further, there is no evidence that the client's files were impermissibly taken by Plaintiff's colleague.

Principal Factual Issues In Dispute

**Plaintiff's Position**:   Plaintiff asserts the following factual issues are in dispute: (A) Whether Plaintiff performed her duties as required by her job description and to the reasonable expectations of her employer; (B) Whether Plaintiff reported her supervisor's alleged unethical and illegal business practices to representatives of Defendant  Arthur J. Gallagher & Co., including but not limited to the Area Chairman, Daniel J. McNamara.; (C) Whether Plaintiff was terminated for objecting to and/or reporting conduct she presumably believed to be unlawful; (D) The existence of and amount Plaintiff's claimed damages.

1    **Defendant's Position**:  There are no factual issues which would preclude summary

2    judgment.

3        **3.    Legal Issues**

4    The parties reserve the right to raise additional legal issues and defenses other than those

5    stated below.

6    **Plaintiff's Position**: Legal issues include: (A) Whether the retaliatory action taken against

7    Plaintiff by Defendant was in violation of California public policy to protect privacy rights of

8    insureds and to protect the public's need for fairness in insurance information practices pursuant to

9    Insurance Code §791 *et seq.*; (B) Did Defendant terminated or forced Plaintiff's resignation in

10   violation of California public policy.

11   **Defendant's Position**:  (A) Is there a causal connection between Plaintiff's termination and

12   the alleged "protected activity," where the decision to terminate Plaintiff and others in Defendant's

13   San Francisco office occurred before any alleged "protected activity"?; and (B) Even if Plaintiff's

14   allegations are presumed true, does the conduct of which she complains violate a public policy which

15   is fundamental and substantial and which inures to the public benefit?  *See Gantt v. Sentry Ins.*, 1

16   Cal. 4th 1083, 1090 (1992); *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 669-670 (1988).

17       **4.    Motions**

18   **Joint Position**:  Plaintiff's Motion to Remand was denied on January 8, 2008.  There are no

19   pending motions.  Defendant intends to file a Motion for Summary Judgment or, in the Alternative,

20   Motion for Summary Adjudication at the conclusion of discovery.

21       **5.    Amendment of Pleadings**

22   **Plaintiff's Position**:  Pursuant to the Court's January 9, 2008 Order Denying Plaintiff's

23   Motion for Remand, Plaintiff will file an amended complaint no later than January 18, 2008.

24   Plaintiff does not anticipate any other amendments at this time, but reserves the right to amend if

25   newly discovered facts necessitate.

26   **Defendant's Position**: Defendant Gallagher does not presently anticipate any amendments,

27

28   but reserves its right to assert additional defenses or assert counter-claims if a basis therefore

becomes evident in discovery.

**6.   Evidence Preservation**

**Plaintiff's Position**:  All relevant evidence has been preserved.

**Defendant's Position**:  All relevant evidence has been preserved.  Custodians of relevant evidence received a litigation hold at the outset of litigation, advising them to preserve any materials relating to Plaintiff and her claims.  There have been no ongoing erasures of e-mails, and e-mail during the period of Plaintiff's employment has been preserved.

**7.   Disclosures**

**Joint Position**:  The parties have agreed to exchange Initial Disclosures on January 18, 2008.

**8.   Discovery**

**Joint Position**:  No discovery has occurred to date.  The parties agree that discovery will proceed according to the Federal Rules of Civil Procedure ("FRCP").  The parties anticipate that written discovery and depositions will be completed approximately 30 days before trial.  The parties believe the limitations on discovery set forth in the FRCP are appropriate, do not request discovery in separate phases, and do not request changes in the limits on discovery.

**9.   Class Actions**

Not Applicable.

**10.   Related Cases**

Not applicable.

**11.   Relief**

**Plaintiff's Position**:  Plaintiff seeks recovery of lost salary, commissions, bonuses, stock options and other benefits, counseling expenses, attorney fees and pre-judgment interest, as well as general damages and punitive damages in amounts presently unascertained.

**Defendant's Position**: Other than its costs and attorneys' fees, Defendant does not seek any other recovery and has not filed any counter-claim at this time.

**12.   Settlement and ADR**

Joint Position:  The parties have complied with the requirements of Local Rule 3-5 and

16-8 and have been ordered to complete a Court administered Early Neutral Evaluation ("ENE") by April 7, 2008.  The parties agree that a productive settlement can only take place after some initial discovery has been conducted and will prepare for the ENE accordingly.

**13.    Consent to Magistrate Judge For All Purposes**

**Joint Position**:  The parties do not consent to have a magistrate judge conduct proceedings.

**14.    Other References**

**Joint Position**:  The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

**Joint Position**: The parties are not aware of any issues that could be narrowed by agreement. As to bifurcation, Defendant will likely seek that liability and damages phases of trial be bifurcated.

**16.    Expedited Schedule**

**Joint Position**:  The parties do not believe this case can be handled on an expedited basis.

**17.    Scheduling**

**Joint Position**: The parties suggest the following schedule for future proceedings:

| | |
|---|---|
| Trial: | March 16, 2009 |
| Pre-Trial Disclosures: | February 19, 2009 |
| Discovery Cutoff (expert): | February 19, 2009 |
| Last day for hearing dispositive motions: | February 19, 2009 |
| Discovery Cutoff (non-expert): | February 5, 2009 |
| Expert Witness Disclosure: | December 17, 2008 |

**18.    Trial**

**Joint Position**:  Plaintiff has demanded a jury trial.  The parties anticipate that trial may last at least five days.

**19.    Disclosure of Non-party Interested Entities or Persons**

The following disclosures have been made by the Parties:

**Plaintiff's Position**:  Plaintiff represents that there are no persons, associations of persons,

1  firms, partnerships, corporations (including parent corporations) or other entities that have a financial

2  interest in the subject matter in controversy or in a party to the proceeding, or that have a non-

3  financial interest in that subject matter or in a party that could be substantially affected by the

4  outcome of this proceeding.

5       **Defendant's Position**:  Defendant has complied with the requirements of Local Rule 3-16.

6  There are no persons, associations of persons, firms, partnerships, corporations (including parent

7  corporations) or other entities that have a financial interest in the subject matter in controversy or in

8  a party to the proceeding, or that have a non-financial interest in that subject matter or in a party that

9  could be substantially affected by the outcome of this proceeding.

10       **20.    Other matters as may facilitate just, speedy and inexpensive disposition**

11       **Joint Position**:  Other than as addressed above, the parties are not aware of any other matters

12  as may facilitate the just, speedy, and inexpensive disposition of this matter.

13  DATED: January 11, 2008                         SEYFARTH SHAW LLP

14

15                                             By         /s/

16                                                Kari Erickson Levine
                                              Eden Anderson

17                                          Attorneys for Defendants
                                        ARTHUR J. GALLAGHER & CO.,

18                                          JOSEPH INGE, AND DANIEL J.
                                        MCNAMARA

19

20  DATED: January 11, 2008                         BOHN & BOHN, LLP

21

22                                             By         /s/

23                                                Robert H. Bohn, Sr.
                                        Attorneys for Plaintiff

24                                          TAMMY GAW

25

26

27

28