**BOHN & BOHN LLP**
ROBERT H. BOHN, ESQ. - State Bar #36283
152 North Third Street, Suite 200
San Jose, California 95112
Telephone: (408) 279-4222
Fax No.: (408) 295-2222

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

TAMMY GAW,

    Plaintiff,

v.

ARTHUR J. GALLAGHER & CO.,

    Defendants.

Case No. 3:07-CV-5105 SI

**SECOND AMENDED COMPLAINT FOR DAMAGES FOR RETALIATION; WRONGFUL TERMINATION; AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff TAMMY GAW complains of Defendant ARTHUR J. GALLAGHER & CO. and alleges:

### FACTS COMMON TO ALL COUNTS

1. Plaintiff TAMMY GAW, hereinafter referred to as Plaintiff, at all relevant times was and is a resident of the State of California.

2. At all times herein mentioned, Defendant ARTHUR J. GALLAGHER & CO., hereinafter referred to as Defendant, was and is an Illinois corporation conducting business in the State of California and elsewhere.

3. On or about January 1, 2005, Plaintiff entered into an employment relationship with Defendant to work as a Producer, Area Vice President.

4. During the course of Plaintiff's employment she witnessed her supervisor, Joseph Inge engaging in unethical and illegal business practices in securing new accounts and handling client

accounts for Defendant, including but not limited to violations of Insurance Code §791 *et seq.*

5. On multiple occasions during the course of her employment Plaintiff reported Mr. Inge's unethical and illegal business practices to representatives of Defendant.

6. On or about July 28, 2005, Plaintiff reported her supervisor's unethical and illegal business practices to Defendant's Area Chairman, Daniel J. McNamara.

7. In response Defendant's Area Chairman, Daniel J. McNamara informed Plaintiff that if she did not resign her employment would be terminated immediately. Alternatively, if Plaintiff agreed to resign she would be paid severance through August 31, 2005.

8  Plaintiff was forced to resign her employment on August 1, 2005.

## FIRST COUNT

### (Retaliation)

Plaintiff complains of Defendant ARTHUR J. GALLAGHER & CO. and for the First Count alleges:

9. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 8 above and realleges the same as though set forth in full herein.

10. Plaintiff reported her supervisor, Joseph Inge's unethical and illegal business conduct to the Defendant's Area Chairman, Daniel J. McNamara on July 28, 2005, but no action was taken to investigate Plaintiff's complaint. As a result of Plaintiff reporting her supervisor's unethical and illegal business conduct, Defendant's Area Chairman, Daniel J. McNamara retaliated against Plaintiff by demanding she resign or Plaintiff's employment would be terminated immediately.

11. The retaliatory action taken against Plaintiff by Defendant ARTHUR J. GALLAGHER & CO. was in violation of California public policy to protect privacy rights of insureds and to protect the public's need for fairness in insurance information practices pursuant to Insurance Code §791 *et seq.*

12. As a direct and proximate result of Defendant ARTHUR J. GALLAGHER & CO.'s retaliation against Plaintiff for reporting her supervisor's unethical and illegal business practices, Plaintiff has been specially damaged by loss of salary, commissions, bonuses, stock options and other benefits, counseling expenses, attorney fees and pre-judgment interest in amounts presently

1 | unascertained, but in an amount in excess of the jurisdictional limits of this court, and Plaintiff
2 | hereby reserves the right to submit such special damages as they are incurred or ascertained.

3 | 13. As a direct and proximate result of Defendant ARTHUR J. GALLAGHER & CO.'s retaliation against Plaintiff for reporting her supervisor's unethical and illegal business practices, she has been humiliated, embarrassed, and caused to suffer great mental and emotional distress, and has been generally damaged in amounts presently unascertained, and Plaintiff hereby reserves the right to amend to allege such general damages as incurred or ascertained.

14. Defendant ARTHUR J. GALLAGHER & CO.'s conduct was willful, malicious, outrageous and oppressive and by way of punishment and example and to prevent future similar treatment of other employees, Plaintiff prays that punitive damages be assessed against Defendant pursuant to California Civil Code §3294.

## SECOND COUNT

### (Wrongful Termination)

Plaintiff complains of Defendant ARTHUR J. GALLAGHER & CO. and for the Second Count alleges:

15. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 8, and 10 through 11 of the First Count, above and realleges the same as though set forth in full herein.

16. Defendant ARTHUR J. GALLAGHER & CO. knowingly acted and created conditions of employment for Plaintiff which were hostile, intolerable and aggravating. Defendant ARTHUR J. GALLAGHER & CO. knew of the impact upon Plaintiff, and Defendant ARTHUR J. GALLAGHER & CO. could have, but failed to, remedy the situation, so that Plaintiff was placed in a position of humiliation and embarrassment and was forced to terminate her employment with Defendant's company on August 1, 2005.

17. As a direct and proximate result of Defendant ARTHUR J. GALLAGHER & CO.'s retaliation against Plaintiff for reporting her supervisor's unethical and illegal business practices and termination of Plaintiff, Plaintiff has been specially damaged by loss of salary, commissions, bonuses, stock options and other benefits, counseling expenses, attorney fees and pre-judgment

1  interest in amounts presently unascertained, but in an amount in excess of the jurisdictional limits of this court, and Plaintiff hereby reserves the right to submit such special damages as they are incurred or ascertained.

18. As a direct and proximate result of Defendant ARTHUR J. GALLAGHER & CO.'s retaliation against Plaintiff for reporting her supervisor's unethical and illegal business practices and wrongful termination of Plaintiff, she has been humiliated, embarrassed, and caused to suffer great mental and emotional distress, and has been generally damaged in amounts presently unascertained, and Plaintiff hereby reserves the right to amend to allege such general damages as incurred or ascertained.

19. Defendant ARTHUR J. GALLAGHER & CO.'s conduct was willful, malicious, outrageous and oppressive and by way of punishment and example and to prevent future similar treatment of other employees, Plaintiff prays that punitive damages be assessed against Defendants pursuant to California Civil Code §3294.

## THIRD COUNT

### (Intentional Infliction of Emotional Distress)

Plaintiff complains of Defendans ARTHUR J. GALLAGHER & CO. and for the Third Count alleges:

20. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 8; 10 through 11 of the First Count and 16 of the Second Count, above and realleges the same as though set forth in full herein.

21. The aforementioned retaliation against Plaintiff for reporting her supervisor's unethical and illegal business practices, and subsequent wrongful termination of Plaintiff's employment, Defendant ARTHUR J. GALLAGHER & CO. engaged in extreme, outrageous, and unprivileged conduct against Plaintiff with the intent to cause Plaintiff severe emotional distress. Defendant ARTHUR J. GALLAGHER & CO. further engaged in the aforementioned conduct with a reckless disregard of the probability such conduct would cause Plaintiff to suffer severe emotional distress.

22. As a direct and proximate result of Defendant ARTHUR J. GALLAGHER & CO.'s

1  intentional infliction of emotional distress, Plaintiff has been humiliated, embarrassed, and caused to
2  suffer great mental and emotional distress, and has been generally damaged in amounts presently
3  unascertained, and Plaintiff hereby reserves the right to allege such general damages as they are
4  incurred or ascertained.

5       23.    Defendant ARTHUR J. GALLAGHER & CO.'s conduct, as aforesaid, was willful,
6  malicious, oppressive, and done with a conscious and reckless disregard of the rights of Plaintiff, and
7  by way of punishment and example and to prevent future similar treatment of other employees,
8  Plaintiff prays that punitive damages be assessed against Defendants pursuant to California Civil
9  Code § 3294.

10       WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, for special
11  damages according to proof, for general damages according to proof, for punitive damages, for
12  presumed damages, for costs of suit, for prejudgment interest, for attorney's fees and costs, and for
13  such other and further relief as the Court may deem meet and proper.

15  DATED: January 18, 2008                              BOHN & BOHN LLP

                                                                     ROBERT H. BOHN, ESQ.
                                                                       Attorneys for Plaintiff
                                                                       TAMMY GAW