SEYFARTH SHAW LLP
Kari Erickson Levine (State Bar No. 146101)
Eden E. Anderson (State Bar No. 233464)
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
ARTHUR J. GALLAGHER & CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY GAW<br><br>    Plaintiff,<br><br>v.<br><br>ARTHUR J. GALLAGHER & CO.,<br><br>    Defendant. | Case No. 3:07-cv-05105 SI<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED SECOND AMENDED COMPLAINT**<br><br>Action Filed: July 31, 2007 |

    Defendant ARTHUR J. GALLAGHER & CO. ("Defendant") hereby answer Plaintiff Tammy Gaw's ("Plaintiff") Second Amended Complaint ("Complaint") as follows:

    1    Defendant admits that Plaintiff is a resident of the State of California.

    2    Defendant admits that it is a corporation headquartered in the State of Illinois and that it conducts business in the State of California. The remaining allegations of Paragraph 2 of the Complaint are denied.

    3    Defendant admits that, on or about January 1, 2005, Plaintiff entered into an employment relationship with Defendant to work as a Producer, Area Vice President.

    4    The allegations of Paragraph 4 of the Complaint are denied.

    5    The allegations of Paragraph 5 of the Complaint are denied.

    6    The allegations of Paragraph 6 of the Complaint are denied.

7    Defendant admits that Plaintiff was given the option to resign her employment or face termination for failing to meet her production goals. The remaining allegations of Paragraph 7 of the Complaint are denied.

8    Defendant admits that Plaintiff submitted a resignation letter on or about August 1, 2005. The remaining allegations of Paragraph 8 of the Complaint are denied.

9    Defendant repeats and re-alleges its answers to Paragraphs 1-8 above, as if set forth at length herein.

10    The allegations of Paragraph 10 of the Complaint are denied.

11    Paragraph 11 of the Complaint contains no factual allegations to admit or deny, but instead states legal conclusions. To the extent that an answer is required, Defendant denies the allegations of Paragraph 11 of the Complaint.

12    The allegations of Paragraph 12 of the Complaint are denied.

13    The allegations of Paragraph 13 of the Complaint are denied.

14    Paragraph 14 of the Complaint contains no factual allegations to admit or deny, but instead states legal conclusions. To the extent that an answer is required, Defendant denies the allegations of Paragraph 14 of the Complaint.

15    Defendant repeats and re-alleges its answers to Paragraphs 1-14 above, as if set forth at length herein.

16    The allegations of Paragraph 16 of the Complaint are denied.

17    The allegations of Paragraph 17 of the Complaint are denied.

18    The allegations of Paragraph 18 of the Complaint are denied.

19    Paragraph 19 of the Complaint contains no factual allegations to admit or deny, but instead states legal conclusions. To the extent that an answer is required, Defendant denies the allegations of Paragraph 19 of the Complaint.

20    Defendant repeats and re-alleges its answers to Paragraphs 1-19 above, as if set forth at length herein.

21    The allegations of Paragraph 21 of the Complaint are denied.

22    The allegations of Paragraph 22 of the Complaint are denied.

23    Paragraph 23 of the Complaint contains no factual allegations to admit or deny, but instead states legal conclusions. To the extent that an answer is required, Defendant denies the allegations of Paragraph 23 of the Complaint.

Separately, and as defenses to the purported causes of action alleged in Plaintiff's Complaint, Defendant alleges as follows:

## SEPARATE DEFENSES

### I.

(Failure to State a Cause of Action – All Causes of Action)

Plaintiff's Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action or state a claim upon which relief may be granted against Defendant.

### II.

(Failure to State Cause of Action – First Cause of Action)

Plaintiff's first cause of action is barred to the extent Plaintiff did not engage in conduct protected by California Labor Code Section 1102.5.

### III.

(Statute of Limitations – All Causes of Action)

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations, including, but not limited to California Code of Civil Procedure section 335 *et seq.*

### IV.

(Failure to Exhaust Administrative Remedies – First Cause of Action)

Plaintiff's claims are barred for failure to exhaust her administrative remedies.

### V.

(Waiver – All Causes of Action)

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## VI.

### (Laches – All Causes of Action)

Plaintiff's claims are barred in whole or in part by the equitable doctrine of laches.

## VII.

### (Unclean Hands – All Causes of Action)

Plaintiff's claims are barred to the extent she has unclean hands.

## VIII.

### (Estoppel – All Causes of Action)

Plaintiff is equitably estopped from asserting her claims because Plaintiff has, by her own conduct, intentionally induced, caused, and/or contributed to the alleged conduct of Defendant of which she now complains.

## IX.

### (After-Acquired Evidence – All Causes of Action)

Plaintiff's claims are barred to the extent she engaged in misconduct which would have justified any adverse action (including termination) even if Defendant was unaware of the conduct.

## X.

### (Ratification – All Causes of Action)

Plaintiff's claims are barred in whole or in part because any conduct by Defendant was ratified by Plaintiff.

## XI.

### (Failure to Mitigate Damages – All Causes of Action)

Plaintiff is not entitled to back pay and/or other damages, to the extent that she failed to seek and obtain other employment and otherwise failed to mitigate her alleged loss of wages or other damages.

## XII.

(No Injury – All Causes of Action)

Plaintiff sustained no injuries, damages or loss by reason of any act of Defendant.

## XIII.

(Management Discretion – All Causes of Action)

Any and all conduct of which Plaintiff complains or which is attributed to Defendant was a just and proper exercise of management discretion on the part of Defendant undertaken for a fair and honest reason.

## XIV.

(Legitimate Non-Retaliatory Factors – All Causes of Action)

Plaintiff may not obtain the relief requested in her Complaint because any adverse employment action(s) taken against Plaintiff was based on legitimate, non-retaliatory factors.

## XV.

(Good Faith – All Causes of Action)

Assuming, *arguendo*, that any of the actions alleged in the Complaint were taken by Defendant, such actions were taken in good faith and were a lawful exercise of sound discretion and Defendant's legal rights, and were based on a rational, reasonable consideration of the facts.

## XVI.

(Fair Treatment – All Causes of Action)

Plaintiff's claims are barred in that at all times Plaintiff was treated fairly.

## XVII.

(Worker's Compensation Exclusivity – All Causes of Action)

Any claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or distress are barred because Plaintiff's sole and exclusive remedy, if any, for such injuries, is governed by the California Workers' Compensation Act and the California Workers' Compensation Appeal Board pursuant to Labor Code sections 3600, *et seq.*

## XVIII.

(Action In Accordance With Applicable Law and Employer Policies –

All Causes of Action)

If Defendant engaged in the acts complained of in Plaintiff's Complaint, which it denies, then such acts were privileged, justified and/or taken in accordance with applicable law and/or Defendant's policies and procedures.

### XIX.

(Failure to Take Advantage of Complaint Mechanisms – All Causes of Action)

Defendant exercised reasonable care to avoid retaliation and to eliminate it when it might occur, and Plaintiff failed to act with like reasonable care to take advantage of the safeguards to otherwise prevent the harm that could have been avoided.

### XX.

(Any Actions Would Have Been Taken In Any Event – All Causes of Action)

The damages Plaintiff seeks are barred in whole or in part because any actions taken by Defendant against Plaintiff would have been taken in any event regardless of Plaintiff's purported protected activity.

### XXI.

(Failure to State a Claim for Relief for Punitive Damages – All Causes of Action)

Plaintiff is not entitled to recover any punitive, double or exemplary damages against Defendant and any allegations with respect thereto should be stricken because Plaintiff has failed to plead and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice pursuant to California Civil Code section 3294(a).

### XXII.

(Due Process – All Causes of Action)

Plaintiff's punitive damage claims constitute a denial of Defendant's right to due process of law and equal protection of the law, or the taking for private property for public use without just compensation, and are violative of the separation of judicial, legislative and executive powers guaranteed by the United States and California Constitutions.

## XXIII.

(No Attorneys' Fees – All Causes of Action)

Plaintiff knew or should have known that her claims are without any reasonable basis in law or equity and cannot be supported by good faith arguments for extension, modification, or reversal of existing law. As a result of Plaintiff's filing of this lawsuit, Defendant has been required to obtain the services of the undersigned attorneys, and have and will continue to incur substantial costs and attorneys' fees in defense of this frivolous case, and Defendant is therefore entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action in accordance with California Code of Civil Procedure sections 128.5 and 128.7.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event discovery indicates such defenses are appropriate.

## **PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by her Complaint, and that this Complaint be dismissed with prejudice;

2. For costs of suit and attorneys' fees; and

3. For such other further relief as this Court may deem just and proper.

DATED: January 28, 2008                          SEYFARTH SHAW LLP


By /s/ Eden Anderson
Kari Erickson Levine
Eden E. Anderson
Attorneys for Defendant
ARTHUR J. GALLAGHER & CO.

---

7
Defendant's Answer to Plaintiff's Second Amended Complaint – Case No. 3:07-cv-05105 SI

SF1 28313282.1 / 37808-000059