1  SEYFARTH SHAW LLP
   Kari Erickson Levine (SBN 146101) KLevine@seyfarth.com
2  Eden Anderson (SBN 233464) EAnderson@seyfarth.com
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendant
   ARTHUR J. GALLAGHER & CO.
6
   BOHN & BOHN LLP
7  ROBERT H. BOHN, ESQ. - State Bar #36283
   152 North Third Street, Suite 200
8  San Jose, California 95112
   Telephone: (408) 279-4222
9  Fax No.: (408) 295-2222

10 Attorneys for Plaintiff
   TAMMY GAW
11

12                    UNITED STATES DISTRICT COURT

13           IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

14 TAMMY GAW,                          )   Case No. C 07 5105 SI
                                        )
15              Plaintiff,              )   **JOINT CASE MANAGEMENT
                                        )   STATEMENT**
16      v.                              )
                                        )
17 ARTHUR J. GALLAGHER & CO.,           )
                                        )
18              Defendants.             )   Date:  April 25, 2008
                                        )   Time:  2:30 p.m.
19                                      )   Judge: Hon. Susan Illston
                                        )   Dept./Place:  Courtroom 10, 19th Floor
20                                      )
   _____)
21

22         Plaintiff Tammy Gaw ("Plaintiff") and Defendant Arthur J. Gallagher ("Defendant"),

23 (collectively "the parties") submit the following Joint Case Management Statement.

24 **1.      Jurisdiction and Service**

25         **Joint Position**:  The Court has determined, pursuant to its January 9, 2008 Order

26 Denying Plaintiff's Motion for Remand, that subject matter jurisdiction is proper pursuant to 28

27 U.S.C. §1332, because the matter in controversy exceeds $75,000 and diversity of citizenship

28

1 | will exist between the remaining parties, after Plaintiff files an amended complaint that does not
2 | allege claims against the individual defendants.

3 |     All parties have been served as of September 4, 2007.

4 |     **2.**    <u>**Facts**</u>

5 | <u>Brief Chronology of the Facts</u>

6 |     **Plaintiff's Position:** On or about January 1, 2005, Plaintiff entered into an employment
7 | relationship with Defendants to work as a Producer, Area Vice President. During the course of
8 | said employment with Defendant, Plaintiff performed all of her duties in an exemplary manner,
9 | was always professional, courteous, prompt, prepared, and responsive to the job, and was
10 | repeatedly told by her superiors that she was meeting or exceeding the expectations and
11 | requirements of this job.

12 |     During the course of Plaintiff's employment she witnessed her supervisor Joseph Inge
13 | engaging in unethical and illegal business practices in securing new accounts and handling client
14 | accounts for Defendants, including but not limited to violations of Insurance Code §791 *et seq.*

15 |     On multiple occasions during the course of her employment Plaintiff reported Mr. Inge's
16 | unethical and illegal business practices to representatives of Defendant Arthur J. Gallagher &
17 | Co. On or about July 28, 2005, Plaintiff reported her supervisor's unethical and illegal
18 | business practices to the Area Chairman, Daniel J. McNamara. In response Mr. McNamara
19 | informed Plaintiff that if she did not resign her employment would be terminated immediately.
20 | Alternatively, if Plaintiff agreed to resign she would be paid severance through August 31, 2005.
21 | Plaintiff was forced to resign her employment on August 1, 2005.

22 |     On July 31, 2007, Plaintiff filed a complaint in the Santa Clara County Superior Court,
23 | alleging : (A) retaliation in violation of California public policy to protect privacy rights of
24 | insureds and to protect the public's need for fairness in insurance information practices pursuant
25 | to Insurance Code §791 *et seq.*; (B) wrongful termination; and (C) intentional infliction of
26 | emotional distress.

27

28

1    **Defendant's Position:**  After a history of documented poor performance, Plaintiff

2    Tammy Gaw was fired by one former employer and then laid off by the next.  She was then hired

3    by Defendant Gallagher in December 2004 as a "Producer," responsible for producing new

4    insurance business.  She was terminated seven months later after a series of bungled client

5    presentations and having failed to bring in sufficient business to support her hefty six figure

6    salary.  While other producers were closing deals, Plaintiff had just three client accounts, the

7    revenue from which was insubstantial and far below the company's expectation that she produce

8    $400,000 in new business revenue.  Plaintiff was one of many employees terminated in or

9    around August 2005.

10    Two years after her termination, Plaintiff filed a Complaint, alleging three causes of

11    action: (1) Whistleblower Retaliation; (2) Wrongful Retaliatory Discharge In Violation of Public

12    Policy; and (3) Intentional Infliction of Emotional of Emotional Distress.  The substance of her

13    allegations is that a colleague purportedly took a client file from his prior place of employment

14    without the permission of the client, and then stole the client from Plaintiff.  Plaintiff alleges she

15    complained about her colleague's claimed conduct on July 28, 2005, and was then terminated.

16    In reality, Plaintiff never complained of any purported illegal activity during her

17    employment.  She first raised allegations of wrongdoing when she filed suit.  Moreover, as to the

18    client that Plaintiff alleges her colleague purportedly stole from her, the evidence establishes that

19    Plaintiff herself was receiving 86% of the commissions from that client's small amount of

20    business.  Further, there is no evidence that the client's files were impermissibly taken by

21    Plaintiff's colleague.

22    <u>Principal Factual Issues In Dispute</u>

23    **Plaintiff's Position:**  Plaintiff asserts the following factual issues are in dispute: (A)

24    Whether Plaintiff performed her duties as required by her job description and to the reasonable

25    expectations of her employer; (B) Whether Plaintiff reported her supervisor's alleged unethical

26    and illegal business practices to representatives of Defendant  Arthur J. Gallagher & Co.,

27    including but not limited to the Area Chairman, Daniel J. McNamara.; (C) Whether Plaintiff was

28

1 | terminated for objecting to and/or reporting conduct she presumably believed to be unlawful; (D)

2 | The existence of and amount Plaintiff's claimed damages.

3 | **Defendant's Position:** There are no factual issues which would preclude summary

4 | judgment.

5 | **3.    Legal Issues**

6 | The parties reserve the right to raise additional legal issues and defenses other than those

7 | stated below.

8 | **Plaintiff's Position:**   Legal issues include: (A) Whether the retaliatory action taken

9 | against Plaintiff by Defendant was in violation of California public policy to protect privacy

10 | rights of insureds and to protect the public's need for fairness in insurance information practices

11 | pursuant to Insurance Code §791 *et seq.*; (B) Did Defendant terminated or forced Plaintiff's

12 | resignation in violation of California public policy.

13 | **Defendant's Position:**  (A) Is there a causal connection between Plaintiff's termination

14 | and the alleged "protected activity," where the decision to terminate Plaintiff and others in

15 | Defendant's San Francisco office occurred before any alleged "protected activity"?; and (B)

16 | Even if Plaintiff's allegations are presumed true, does the conduct of which she complains

17 | violate a public policy which is fundamental and substantial and which inures to the public

18 | benefit? *See Gantt v. Sentry Ins.*, 1 Cal. 4th 1083, 1090 (1992); *Foley v. Interactive Data Corp.*,

19 | 47 Cal. 3d 654, 669-670 (1988).

20 | **4.    Motions**

21 | **Joint Position:**  Plaintiff's Motion to Remand was denied on January 8, 2008.  There are

22 | no pending motions.  Defendant intends to file a Motion for Summary Judgment or, in the

23 | Alternative, Motion for Summary Adjudication at the conclusion of discovery.

24 | **5.    Amendment of Pleadings**

25 | **Plaintiff's Position:**  Pursuant to the Court's January 9, 2008 Order Denying Plaintiff's

26 | Motion for Remand, Plaintiff will file an amended complaint no later than January 18, 2008.

27 | Plaintiff does not anticipate any other amendments at this time, but reserves the right to amend if

28 |

1    newly discovered facts necessitate.

2        **Defendant's Position:** Defendant Gallagher does not presently anticipate any

3    amendments, but reserves its right to assert additional defenses or assert counter-claims if a basis

4    therefore becomes evident in discovery.

5        **6.    Evidence Preservation**

6        **Plaintiff's Position:** All relevant evidence has been preserved.

7        **Defendant's Position:** All relevant evidence has been preserved. Custodians of relevant

8    evidence received a litigation hold at the outset of litigation, advising them to preserve any

9    materials relating to Plaintiff and her claims. There have been no ongoing erasures of e-mails,

10    and e-mail during the period of Plaintiff's employment has been preserved.

11        **7.    Disclosures**

12        **Joint Position:** The parties exchanged Initial Disclosures on January 18, 2008.

13        **8.    Discovery**

14        **Joint Position:** The parties previously agreed that discovery will proceed according to

15    the Federal Rules of Civil Procedure ("FRCP") and continue to do so.

16        Defendant served written discovery on March 18, 2008 (Special Interrogatories and

17    Requests for Production of Documents) and March 24, 2008 (Requests for Admission).

18    Defendant has also noticed Plaintiff's deposition to occur on May 6, 2008.

19        Plaintiff has noticed the depositions of Joseph Inge and Daniel McNamara, persons

20    previously named as defendants in this action. Mr. Inge's deposition has been noticed for May

21    8, 2008, and Mr. McNamara's has been noticed for May 13, 2008. Accompanying Plaintiffs'

22    deposition notices were requests for production of documents.

23        As of the time of the filing of this statement which precedes the service of responses to

24    the above-mentioned discovery, the parties do not presently anticipate any disputes with respect

25    to the scope of discovery.

26        **9.    Class Actions**

27        Not Applicable.

28

1      **10.    Related Cases**

2      Not applicable.

3      **11.    Relief**

4      **Plaintiff's Position:**  Plaintiff seeks recovery of lost salary, commissions, bonuses, stock

5      options and other benefits, counseling expenses, attorney fees and pre-judgment interest, as well

6      as general damages and punitive damages in amounts presently unascertained.

7      **Defendant's Position:** Other than its costs and attorneys' fees, Defendant does not seek

8      any other recovery and has not filed any counter-claim at this time.

9      **12.    Settlement and ADR**

10     **Joint Position:**  The parties have complied with the requirements of Local Rule 3-5 and

11     16-8 and have been ordered to complete a Court administered Early Neutral Evaluation ("ENE")

12     by June 30, 2008.  An ENE session has been set for June 10, 2008.

13     **13.    Consent to Magistrate Judge For All Purposes**

14     **Joint Position:**  The parties do not consent to have a magistrate judge conduct

15     proceedings.

16     **14.    Other References**

17     **Joint Position:**  The parties do not believe the case is suitable for reference to binding

18     arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

19     **15.    Narrowing of Issues**

20     **Joint Position:** The parties are not aware of any issues that could be narrowed by

21     agreement.  As to bifurcation, Defendant will likely seek that liability and damages phases of

22     trial be bifurcated.

23     **16.    Expedited Schedule**

24     **Joint Position:**  The parties do not believe this case can be handled on an expedited

25     basis.

26     **17.    Scheduling**

27     **Joint Position:** The following dates have been set by Court order dated January 28, 2008.

28

Joint Case Management Statement - Case No. C 07 5105 SI

| | |
|---|---|
| Trial: | March 16, 2009 |
| Pre-Trial Conference: | March 3, 2009 |
| Discovery Cutoff (expert): | February 13, 2009 |
| Last day for filing dispositive motions: | November 14, 2008 |
| Opposition(s) to dispositive motions due: | November 28, 2008 |
| Reply(ies) to dispositive motions due: | December 5, 2008 |
| Last day for hearing dispositive motions: | December 19, 2008 |
| Discovery Cutoff (non-expert): | October 31, 2008 |
| Designation of Experts: | January 9, 2009 |
| Designation of Rebuttal Experts: | January 20, 2009 |

**18.    Trial**

**Joint Position:**  A jury trial is set for March 16, 2009.  The parties anticipate that trial may last at least five days.

**19.    Disclosure of Non-party Interested Entities or Persons**

The following disclosures have been made by the Parties:

**Plaintiff's Position:**  Plaintiff represents that there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities that have a financial interest in the subject matter in controversy or in a party to the proceeding, or that have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

**Defendant's Position:**  Defendant has complied with the requirements of Local Rule 3-16.  There are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities that have a financial interest in the subject matter in controversy or in a party to the proceeding, or that have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

1    20.    **Other matters as may facilitate just, speedy and inexpensive disposition**

2    **Joint Position:**  Other than as addressed above, the parties are not aware of any other

3    matters as may facilitate the just, speedy, and inexpensive disposition of this matter.

4    DATED: April 15, 2008                         SEYFARTH SHAW LLP

5

6                                                 By _Eden Anderson_

7                                                    Eden Anderson
                                                    Attorneys for Defendants
8                                                 ARTHUR J. GALLAGHER & CO.

9    DATED: April 15, 2008                         BOHN & BOHN, LLP

10

11                                                By _Robert H. Bohn_

12                                                   Robert H. Bohn, Sr.
                                                    Attorneys for Plaintiff
13                                                TAMMY GAW

14    SF1 28312031.1 / 37808-000059

15

16

17

18

19

20

21

22

23

24

25

26

27

28