1 | SEYFARTH SHAW LLP
Kari Erickson Levine (SBN 146101) KLevine@seyfarth.com
2 | Eden Anderson (SBN 233464) EAnderson@seyfarth.com
560 Mission Street, Suite 3100
3 | San Francisco, California 94105
Telephone: (415) 397-2823
4 | Facsimile: (415) 397-8549

5 | Attorneys for Defendant
ARTHUR J. GALLAGHER & CO.
6 |
BOHN & BOHN LLP
7 | ROBERT H. BOHN, ESQ. - State Bar #36283
152 North Third Street, Suite 200
8 | San Jose, California 95112
Telephone: (408) 279-4222
9 | Fax No.: (408) 295-2222

10 | Attorneys for Plaintiff
TAMMY GAW
11 |

12 |
UNITED STATES DISTRICT COURT
13 |
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
14 |

TAMMY GAW,                                    )   Case No. C 07 5105 SI
15 |                                          )
           Plaintiff,                        )   **JOINT CASE MANAGEMENT**
16 |                                          )   **STATEMENT**
      v.                                     )
17 |                                          )
ARTHUR J. GALLAGHER & CO.,                   )
18 |                                          )   Date:  August 29, 2008
           Defendants.                       )   Time:  2:30 p.m.
19 |                                          )   Judge: Hon. Susan Illston
                                             )   Dept./Place:  Courtroom 10, 19th Floor
20 |                                          )
                                             )
21 | _____ )

22 |
           Plaintiff Tammy Gaw ("Plaintiff" or "Gaw") and Defendant Arthur J. Gallagher
23 |
("Defendant" or "Gallagher"), (collectively "the parties"), submit the following Joint Case
24 |
Management Statement.
25 |
1.    **Jurisdiction and Service**
26 |
           **Joint Position**:  The Court has determined, pursuant to its January 9, 2008 Order
27 |
Denying Plaintiff's Motion for Remand, that subject matter jurisdiction is proper pursuant to 28
28 |

1   U.S.C. §1332, because the matter in controversy exceeds $75,000 and diversity of citizenship

2   exists.  All parties have been served as of September 4, 2007.

3       **2.    Factual and Legal Basis For Claims And Defenses**

4       **Plaintiff's Position:**  On or about January 1, 2005, Plaintiff entered into an employment

5   relationship with Defendants to work as a Producer, Area Vice President. During the course of

6   said employment with Defendant, Plaintiff performed all of her duties in an exemplary manner,

7   was always professional, courteous, prompt, prepared, and responsive to the job, and was

8   repeatedly told by her superiors that she was meeting or exceeding the expectations and

9   requirements of this job.

10      During the course of Plaintiff's employment she witnessed her supervisor Joseph Inge

11  engaging in unethical and illegal business practices in securing new accounts and handling client

12  accounts for Defendants, including but not limited to violations of Insurance Code §791 *et seq*.

13      On multiple occasions during the course of her employment Plaintiff reported Mr. Inge's

14  unethical and illegal business practices to representatives of Defendant  Arthur J. Gallagher &

15  Co.  On or about July 28, 2005, Plaintiff reported her supervisor's unethical and illegal

16  business practices to the Area Chairman, Daniel J. McNamara. In response Mr. McNamara

17  informed Plaintiff that if she did not resign her employment would be terminated immediately.

18  Alternatively, if Plaintiff agreed to resign she would be paid severance through August 31, 2005.

19  Plaintiff was forced to resign her employment on August 1, 2005.

20      On July 31, 2007, Plaintiff filed a complaint in the Santa Clara County Superior Court,

21  alleging : (A) retaliation in violation of California public policy to protect privacy rights of

22  insureds and to protect the public's need for fairness in insurance information practices pursuant

23  to Insurance Code §791 *et seq*.;  (B) wrongful termination; and (C) intentional infliction of

24  emotional distress.

25      **Defendant's Position:**  After a history of well documented performance failings at other

26  insurance companies (and a series of lay offs and firings), Plaintiff Tammy Gaw applied for

27  employment with Gallagher as a "Producer" responsible for bringing in new insurance business.

28

1    Unbeknownst to Gallagher at the time, Gaw's employment application and resume contained

2    numerous material misrepresentations concerning her employment history, past salaries, and

3    book of insurance business.  Gaw's application inflated her book of business by nearly 300%.

4    Salary information was inflated by a slightly lesser amount – 270%.  She also misrepresented

5    that a prior job had been eliminated when, in fact, she had been terminated for performance

6    problems.

7         After Gaw failed to bring in sufficient business to support her hefty six figure salary or

8    otherwise meet her new business production goals, and bungled several client presentations in

9    front of her superiors, she was informed she was being terminated, but was given the option of

10   making a graceful departure and submitting her resignation instead.  Electing the latter, Gaw

11   submitted a resignation memo.  Gaw was one of nearly a dozen employees in Gallagher's San

12   Francisco office whose employment relationships ended in or around August 2005.  The office

13   itself was not meeting its revenue goals and was tightening its belt.

14        More than two years later, Gaw filed a Complaint, alleging three causes of action: (1)

15   common law whistleblower retaliation; (2) wrongful retaliatory constructive discharge in

16   violation of public policy; and (3) intentional infliction of emotional distress.  While the

17   Complaint itself is quite vague, Gaw has elaborated on her allegations in discovery.  Gaw claims

18   to have reported the following three concerns to Gallagher management: (1) that a superior was

19   stealing her prospects and clients; (2) that a superior - Joe Inge - with whom she had previously

20   worked at Marsh had taken a client's *preliminary* workers' compensation insurance quote upon

21   his resignation from Marsh, and then used the preliminary insurance quote to "steer" the client's

22   business to Gallagher; and (3) that one of her clients was asking about the existence of

23   contingency agreements (*i.e.*, kickbacks from insurers to insurance companies who steer business

24   to the insurer).

25        Neither the evidence nor the law support Gaw's claims.  As to item number (1), any such

26   complaint if it occurred at all (which Gallagher disputes) does not, as a matter of law, impact

27   public policy and does not support the claims alleged.

28

As to item number (2), the evidence shows, among other things, that the client in question *voluntarily provided* Mr. Inge with its final insurance premium quote (a quote that was not even in existence at the time Mr. Inge resigned from Marsh – *i.e.*, he couldn't possibly have taken it) and that Gaw could have readily ascertained this fact by a five minute perusal of the client's file. Gaw's suspicions were based entirely on alleged hearsay statements of a former Marsh colleague and she, as a matter of law, lacked reasonable cause to believe any wrongdoing had occurred. Thus, even if Gaw did complain (which is disputed and highly unlikely given that Gallagher would and could have easily dispelled her concerns), she had no reasonable cause to suspect wrongdoing.

As to item number (3), the evidence shows, among other things, that Gallagher and its outside counsel conducted an internal investigation of the contingency agreement issue, eliciting such information from its brokers, including Gaw. It defies common sense to think that Gaw would have been retaliated against for providing information the company iteslf was asking for. Additionally, the evidence shows that Gaw gave presentations to the particular client in question that contained full page disclaimers about Gallagher's past use of contingency agreements and its cessation of that practice, again making Gaw's allegations implausible.

### 3. Factual and Legal Issues In Dispute

**Plaintiff's Position:** Plaintiff asserts the following factual issues are in dispute: (A) Whether Plaintiff performed her duties as required by her job description and to the reasonable expectations of her employer; (B) Whether Plaintiff reported her supervisor's alleged unethical and illegal business practices to representatives of Defendant Arthur J. Gallagher & Co., including but not limited to the Area Chairman, Daniel J. McNamara.; (C) Whether Plaintiff was terminated for objecting to and/or reporting conduct she presumably believed to be unlawful; (D) The existence of and amount Plaintiff's claimed damages.

Legal issues in dispute include: (A) Whether the retaliatory action taken against Plaintiff by Defendant was in violation of California public policy to protect privacy rights of insureds and to protect the public's need for fairness in insurance information practices pursuant to

1  Insurance Code §791 *et seq.*; (B) Did Defendant terminated or forced Plaintiff's resignation in

2  violation of California public policy.

3      **Defendant's Position:**   There are no factual issues which would preclude summary

4  judgment.  As to legal issues to be resolved by the Court on a motion for summary judgment,

5  they are as follows: (A) Are Gaw's claims time barred given that they stem from an alleged

6  retaliatory act that occurred on July 28, 2005 and her Complaint was filed more than two years

7  later on July 31, 2007?; (B) Even if Gaw's allegations are presumed true, does the conduct of

8  which she complains violate a public policy which is fundamental and substantial and which

9  inures to the public benefit?; (C) Did Gaw have reasonable cause to believe that any violation of

10 law occured where a simple review of the client's file would have revealed her suspicisons of

11 wrongdoing to be grossly in error?; (D) Can Gaw establish a triable issue as to pretext where she

12 has no evidence to refute Defendant's legitimate reason for asking her to resign – *i.e.*, her failure

13 to meet concrete, numerical new business production goals and other performance failings?; and

14 (E) Whether Gaw has any evidence of damages causally connected to her resignation where

15 Plaintiff was hired at a higher salary the day after she resigned from Defendant's employ and her

16 weight gain and hair loss problems pre-dated her employment with Defendant?

17      4.    <u>**Narrowing of Issues By Agreement or Motion**</u>

18      **Plaintiff's Position:**

19      **Defendant's Position:**  Based on her testimony in deposition, Gaw's claims appear to be

20 time-barred.  Gaw testified that she was told in a July 28, 2005 meeting that she was being

21 terminated or could resign.  This termination/resignation message is the alleged retaliatory

22 adverse employment action which forms the basis for her lawsuit.  Gaw's lawsuit was filed on

23 July 31, 2007, more than two years the July 28, 2005 meeting.  Accordingly, her common law

24 retaliation claim, intentional infliction of emotional distress claim, and wrongful constructive

25 discharge in violation of public policy claims are all time barred.  (*See* Cal. Code of Civil

26 Procedure § 335.1 (statute of limitations period is two years on common law claims for personal

27 injury); *Magpali v. Farmers Group, Inc.*, 48 Cal. App. 4th 471, 486 (1996) (the two year

28

1  limitations period on IIED claim runs from the date of the allegedly wrongful conduct causing

2  plaintiff to suffer severe emotional distress); *Barton v. New United Motor Mfg., Inc.*, 43 Cal.

3  App. 4th 1200, 1206 (1996) (Cal. Code of Civil Procedure § 335.1 applies to a tort action for

4  wrongful discharge in violation of public policy).

5       **5.**    **Anticipated Motions**

6       **Joint Position:**  Plaintiff's Motion to Remand was denied on January 8, 2008.  There are

7  no pending motions.  Defendant intends to file a Motion for Summary Judgment or, in the

8  Alternative, Motion for Summary Adjudication.

9       **6.**    **Relief Sought**

10       **Plaintiff's Position:**  Plaintiff seeks recovery of lost salary, commissions, bonuses, stock

11  options and other benefits, counseling expenses, attorney fees and pre-judgment interest, as well

12  as general damages and punitive damages in amounts presently unascertained.

13       **Defendant's Position:** Defendant has learned during the course of discovery in this case

14  that Gaw took with her upon her resignation from Gallagher confidential and highly proprietary

15  client documents, including client and prospect lists.  Defendant has also learned in discovery

16  that Plaintiff has solicited various prospects and customers with whom she worked while at

17  Gallagher and is presently doing business with certain of such entities.  Gallagher has reasonable

18  cause to believe that Gaw utilized trade secret protected information and proprietary documents

19  to solicit such business.  Additionally, it appears that Gaw has been maligning the professional

20  reputations of Gallagher and its employees, relaying false and defamatory information to

21  Gallagher's clients and prospects.  Defendant is considering bringing counter-claims against

22  Gaw for breach of her Executive Agreement, misappropriation of trade secrets, and defamation.

23  Defendant has lost clients and business opportunities as a result of Gaw's actions and would seek

24  to recover damages for such losses.  Defendant also seeks to recover its attorneys' fees and costs

25  in this case.

26

27

28

7.    **Discovery**

**Joint Position:**  The parties previously agreed that discovery would proceed according to the Federal Rules of Civil Procedure ("FRCP") and continue to do so.  The parties have completed an initial round of written discovery and exchanged document productions.  Plaintiff's deposition was taken on August 11, 2008.  The deposition of Joseph Inge was taken on August 12, 2008.  The parties are working to schedule additional depositions in September 2008 and thereafter.

8.    **Reference to Binding Arbitration, Magistrate Judge, or Judicial Panel on MDL**

**Joint Position:**  The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

9.    **Jury Trial**

**Joint Position:**  A jury trial is set for March 16, 2009.  The parties anticipate that trial may last at least five days.

10.    **Related Cases**

Not applicable.

11.    **Class Action**

Not applicable.

12.    **Scheduling**

**Joint Position:** The following dates have been set by Court order dated January 28, 2008.

| | |
|---|---|
| Trial: | March 16, 2009 |
| Pre-Trial Conference: | March 3, 2009 |
| Discovery Cutoff (expert): | February 13, 2009 |
| Last day for filing dispositive motions: | November 14, 2008 |
| Opposition(s) to dispositive motions due: | November 28, 2008 |
| Reply(ies) to dispositive motions due: | December 5, 2008 |
| Last day for hearing dispositive motions: | December 19, 2008 |

| | | |
|---|---|---|
| 1 | Discovery Cutoff (non-expert): | October 31, 2008 |
| 2 | Designation of Experts: | January 9, 2009 |
| 3 | Designation of Rebuttal Experts: | January 20, 2009 |

4      **13.    Settlement and ADR**

5      **Joint Position:** The parties have complied with the requirements of Local Rule 3-5 and

6   16-8.  The parties completed a Court administered Early Neutral Evaluation ("ENE") on June 10,

7   2008.

8      **14.    Other matters as may facilitate just, speedy and inexpensive disposition**

9      **Joint Position:** Other than as addressed above, the parties are not aware of any other

10   matters as may facilitate the just, speedy, and inexpensive disposition of this matter.

11   DATED: August 20, 2008                          SEYFARTH SHAW LLP

12

13                                                   By _Eden Andersen_____

14                                                        Eden Anderson
                                                     Attorneys for Defendants
15                                                   ARTHUR J. GALLAGHER & CO.

16   DATED: August 20, 2008                          BOHN & BOHN, LLP

17

18                                                   By _Robert Bohn_____

19                                                        Robert H. Bohn, Sr.
                                                     Attorneys for Plaintiff
20                                                   TAMMY GAW

21   SFI 28312031.1 / 37808-000059

22

23

24

25

26

27

28